THOS. GOGGAN & BRO. et al. v. GOGGAN.

(Court of Civil Appeals of Texas. San Antonio. March 27, 1912. Rehearing Denied May 1, 1912.)

1. TRIAL (§ 176*)—DIRECTION OF VERDICT.
Where defendant was not entitled on the evidence to an instructed verdict on its cross-action, a requested charge "to return a verdict for the defendant" was properly refused as covering the cross-action, as well as the principal action.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 399; Dec. Dig. § 176.*]

2. APPEAL AND ERROR (§ 742*) — ASSIGNMENTS OF ERROR.
Propositions advanced under an assignment of error improperly taken cannot themselves be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

3. TRIAL (§ 420*)—DIRECTION OF VERDICT—WAIVER OF ERROR.
Where defendant did not demur to the evidence or waive his right to introduce evidence, should his motion for a directed verdict be overruled, but expressly reserved such right, an assignment of error in overruling a motion for a directed verdict cannot be considered.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 983; Dec. Dig. § 420.*]

4. APPEAL AND ERROR (§ 766*) — ASSIGNMENT OF ERROR—DEFECTIVE ASSIGNMENTS.
While it is within the discretion of the Court of Civil Appeals not to consider assignments of error defectively briefed, its discretion should not be extended too far; the court's rules being designed to facilitate the work of the appellate court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3101; Dec. Dig. § 766.*]

5. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—MULTIFARIOUS ASSIGNMENTS.
Multifarious assignments of error and propositions should not be permitted.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

6. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—MULTIFARIOUS ASSIGNMENTS.
In an action by a former partner of a firm, which sold its business to defendant corporation, to recover a number of corporate shares, or their reasonable value, which plaintiff claimed it was agreed he should receive, error was assigned by appellant defendant upon the admission of evidence, because "not competent or relevant, nor based upon pleadings, shows that the claims are barred by limitations, laches, etc., and does not show that the contract declared on was made, and shows that plaintiff has had full settlements, and also establishes waiver and estoppel." *Held,* that the assignment of error was multifarious and

contrary to the Court of Civil Appeals rule, providing that the propositions under one ground of the assignment shall refer to it, and be stated separately.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

**7. APPEAL AND ERROR (§ 730*)—BRIEFS—ASSIGNMENT OF ERROR.**

An assignment of error to the refusal of instructions by merely copying the assignment complaining of the refusal of the particular charge, stating it, is insufficient, and will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3013–3016; Dec. Dig. § 730.*]

**8. APPEAL AND ERROR (§ 731*)—ASSIGNMENT OF ERROR—EVIDENCE.**

In an action by a former partner of a firm, which sold its business to defendant corporation, to recover a part of the corporate shares, or their reasonable value, which plaintiff claimed it was agreed he should receive, in which defendant claimed that plaintiff had received the whole consideration agreed to be paid him for his interest, an assignment of error by defendant was that there was no evidence showing that the overcharge amounted to more than the necessary cost of purchasing goods; but the assignment did not refer to the evidence, but referred "to preceding statements." *Held*, that the assignment was insufficient, and would not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3017–3021; Dec. Dig. § 731.*]

**9. APPEAL AND ERROR (§ 728*)—ASSIGNMENT OF ERROR—ADMISSION OF EVIDENCE.**

An assignment of error contained an extract of a letter admitted in evidence, and recited, "to which we objected, because it was incompetent, immaterial, and irrelevant, and for the other reasons recited in exceptions Nos. 1 and 2, whch objections were overruled and said extract admitted, to which ruling exception was taken by bill No. 6," stating the place in the record where it was found. The propositions under the assignment relate to other matters than the general objections of incompetency, etc. *Held*, that the assignment could not be considered on appeal, as it does not state what were the other objections to the evidence.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3010–3012; Dec. Dig. § 728.*]

**10. TRIAL (§ 191*)—INSTRUCTIONS—ASSUMPTION OF FACTS.**

An instruction that a partner purchasing merchandise for the firm's business must, unless there is an agreement or consent to the contrary by his partner, charge the firm only the amount actually paid for the merchandise and the reasonable expense of making the purchase did not assume that more than the actual cost of the merchandise and expense of purchasing had been charged by the partner in the particular case.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 420–431; Dec. Dig. § 191.*]

**11. APPEAL AND ERROR (§ 730*)—ASSIGNMENT OF ERROR—INSTRUCTIONS.**

An assignment of error to the giving of instructions will be considered, where defendant sets out enough of the substance of the charge complained of to identify the objectionable instruction, though it is not copied into the brief, or the page of the record given where it is found.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3013–3016; Dec. Dig. § 730.*]

**12. TRIAL (§ 252*)—INSTRUCTIONS—MISLEADING INSTRUCTIONS.**

In an action by a former partner of a firm, which sold its business to defendant corporation, to recover part of the corporate shares or their reasonable value, which plaintiff claimed it was agreed he should receive, in which defendant claimed that plaintiff had received the whole consideration agreed to be paid him for his interest in the business, as was shown by the written transfer, the court instructed that if the transfer, signed by the former partners, was actually executed in the form as introduced in evidence, and expressed the actual consideration agreed upon, the jury should find for defendant, but if they found that the instrument had been altered after defendant had signed it, and without his consent, so as to change the number of shares plaintiff was to receive in the firm business, or if the jury find that it does not express the consideration agreed upon, then they should disregard the transfer. *Held* that, since there was no evidence to support a finding that the instrument of transfer was altered after its execution, the instruction was calculated to mislead the jury to believe that the issue of alteration was material, and that the jury could not find for the defendant, unless they found that the instrument had been altered.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 505, 596–612; Dec. Dig. § 252.*]

**13. TRIAL (§ 252*)—INSTRUCTIONS—APPLICABILITY OF EVIDENCE.**

It is error to charge upon a question raised by the pleadings, but on which no evidence was introduced.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 505, 596–612; Dec. Dig. § 252.*]

Appeal from District Court, Bexar County; Edward Dwyer, Judge.

Action by M. Goggan against Thos. Goggan & Bro. and others, in which the defendants named pleaded in intervention. From a judgment for plaintiff and against defendants on their plea of intervention, defendants appeal. Reversed and remanded.

James B. & Chas. J. Stubbs, of Galveston, and Mason Williams, of San Antonio, for appellants. Reagan Houston, Jr., Geo. R. Thomson, J. L. Browne, and Reagan Houston, all of San Antonio, for appellee.

JAMES, C. J. The original petition of M. Goggan, filed March 29, 1910, against Thos. Goggan & Bros., a private corporation, alleged, in substance, that for some time prior to January, 1906, plaintiff and John Goggan and the widow and children of Thomas Goggan owned and conducted a business in San Antonio, Tex., buying and selling musical instruments and supplies, under the style of Thos. Goggan & Bros., plaintiff being the owner of one-half, John Goggan one-fourth, and the widow and children of Thos. Goggan one-fourth, of said business; that at said date the assets of the concern, less the liabilities, were of the reasonable value of $200,000, and plaintiff's interest therein $100,000; that on or about said date an inventory, or inventories, of the assets was delivered by plaintiff to defendant corporation, and plaintiff is unable to furnish a copy or copies of same because of such delivery to

defendant, who is notified to produce its books and papers containing same at the trial, or secondary evidence thereof would be offered; that defendant refuses to furnish plaintiff a copy thereof; that about said time the copartnership of Thos. Goggan & Bros. sold all its property and assets to defendant corporation, and said corporation agreed and promised to pay plaintiff for his half interest its reasonable value, payment to be made in the stock of said corporation at par, to be delivered to plaintiff in a reasonable time from the date of sale and delivery, which said reasonable time would, by agreement of plaintiff and defendant, not occur until the year 1908, and in fact did not occur until then, for the reason that defendant was desirous of protecting its credit and giving its creditors the greatest possible assurance of protection, and therefore none of its capital stock, except the amount required to qualify its officers, was to be issued and delivered until the credit of said corporation was securely established and its indebtedness reduced, and, to that end, it was necessary that all the stock in said corporation should remain in the treasury of the corporation, or that such as might be issued should at once be transferred by indorsement in blank, to be held by the corporation in trust for the owners thereof; that plaintiff agreed with defendant that his stock should not be issued to him then, but should be so held by it in trust for him for said purpose, and until he should request that it be issued to him, and that the stockholders and directors adopted resolutions, entered on the books of the corporation, accepting said property, business, and effects so transferred by this plaintiff, and promised to pay therefor, which resolution defendant is notified to produce, etc.; that the reasonable value of said stock at said time was its face or par value, and that in forming the corporation all of its capital stock was distributed to and belonged to members of the copartnership, which was absorbed by it, and all the officers and directors have knowledge of all the matters, things, and business of the copartnership, which had theretofore been known to them as partners, and said parties have continued as the sole stockholders ever since; that about March, 1908, plaintiff requested defendant to issue to him 100 shares of the stock at par value of $100 per share, the same being then of the reasonable value of $10,000, which was done, and plaintiff received and accepted the same only as part payment for his share in the assets transferred to defendant; that about August, 1908, plaintiff was notified by defendant that it would issue him no more stock, nor pay him the balance due him for his said interest in the San Antonio concern, and that until then plaintiff was not aware that defendant would not perform its contract with him, and plaintiff then and there refused to accept said 100 shares as full payment, and

so notified the corporation; that plaintiff has often demanded the issuance to him of stock to the extent of $90,000 remaining due to him, or payment of $90,000, its reasonable value, which defendant has refused to do, to plaintiff's damage, etc., for which he prayed judgment.

The answer, omitting here a statement of the various exceptions to the petition, consisted of a general denial. Further answering, defendant alleged that the assets were only of the face value of $91,884.28, but the actual net value of said assets, after making allowance for costs of collection, bad debts and other expenses, and losses, was only about two-thirds of said face value; that plaintiff's interest was much less than $10,-000, but by agreement between him and John Goggan, acting for himself and for the widow and children of Thos. Goggan, $10,000 of stock at par was issued to and received and accepted by him in full payment of his interest in said business, said stock, however, at the time having an actual value of $14,-000; that plaintiff had withdrawn from the funds of the partnership firm more than his half interest in the profits, which reduced his interest in the firm; that plaintiff was one of the incorporators signing defendant's charter, which provided for a capital stock of $200,000 in shares of $100 each, and it was agreed at that time that the stock should be apportioned in accordance with respective contributions of each, and that plaintiff should receive one-twentieth, or 100 shares, with which understanding the charter was duly executed by plaintiff and the others, and that neither then nor at any other time was there any agreement or understanding that plaintiff should receive any other or further consideration for his contributions or subscription to the corporation, and that, in pursuance of such contract or agreement between the organizers of the corporation, and between the company itself and plaintiff and the other stockholders, plaintiff and the others executed a bill of sale to defendant on or about February 11, 1906, which conveyed all the property of the two firms of Thos. Goggan & Bros., whose store was in San Antonio, and Thos. Goggan & Bro., who had stores at Galveston and three other places, to the defendant corporation, reciting the consideration as being "one dollar to us in hand paid by Thos. Goggan & Bros., the receipt of which is hereby acknowledged, and, further, in consideration of the issuance by Thos. Goggan & Bros., a corporation, * * * of stock in said corporation in such amounts as represent our interests in the former firms of Thos. Goggan & Bro. and Thos. Goggan & Bros., to wit: To Michael Goggan 100 shares; to John Goggan 1,100 shares; to Margaret F. Goggan 118 shares; to Wm. P. Goggan 237 shares; to Thos. S. Goggan 238 shares; to John F. Goggan 207 shares;" that said bill of sale expressed the only agreement and consideration relating

to said transfer, and, the other signers and parties having been in part induced to enter into the agreement by plaintiff's action as stated, plaintiff is estopped to claim that he had any other or different agreement with defendant John Goggan or any officer of the corporation; that the books of the San Antonio firm were kept under the supervision of plaintiff for more than 20 years previous to the incorporation, and that he had access to them and to those of the corporation, all of which showed his interest to be as stated in the bill of sale; that plaintiff had taken part in at least one meeting of the board of directors at which an annual dividend of $1,000, being 10 per cent. of his stock, had been allowed, and he claimed no more.

Defendant pleaded limitations of two and four years, and the matters of stale demand, waiver, laches, settlements, and estoppel; also that defendant had issued and delivered all of its authorized capital stock to plaintiff and his copartners, and that therefore the full consideration of the sale had been properly paid, and its division among the members of plaintiff's firm was a matter between him and them, with which defendant had no concern.

Defendant pleaded in reconvention or cross-action, alleging that plaintiff continued in its employ for nearly four years after it was organized, in charge of the San Antonio business, without asserting or making known to defendant any claim against it, until after he had ceased to be employed by it; that his services with it terminated about September 10, 1909, and he was then indebted to defendant for overdrafts and merchandise, as shown by the books kept under his direction, in the sum of $10,289.62, for which it asked judgment.

Plaintiff, by his first supplemental petition, filed several exceptions to the answer, and replied, under oath, that the bill of sale, above copied, was not his act and deed, nor executed by his authority; that if his name is signed thereto that it has been altered in reciting the shares of stock he was to receive, and that his signature was obtained by mistake or fraud, and it was not intended to and did not represent the agreement entered into between plaintiff and defendant, and did not recite the consideration moving the parties thereto, and, if plaintiff signed such instrument, then it was substituted for the instrument which was agreed to be signed by the parties, or which was in fact signed by this plaintiff, transferring, assigning, and conveying to defendant company his interest in said business and partnership, leaving the consideration to be adjusted and settled by the parties in the ascertainment of the value of said interest; wherefore plaintiff pleads non est factum. And further replying plaintiff alleged that the consideration stated in the bill of sale, as set up by defendant, is not the consideration agreed to; but, on the contrary, it was distinctly agreed that the consideration moving plaintiff to make the transfer was to be the payment to him of the reasonable value of his interest in the business, which was as alleged in the original petition, and of the value of $100,000, and that plaintiff never agreed to accept 100 shares of stock therefor.

Plaintiff, by a second supplemental petition, interposed further exception to defendant's answer, and denied any indebtedness to defendant by overdrafts or otherwise, pleaded limitations, and repleaded his plea of non est factum, etc.

Defendant also filed supplemental answers, embodying various exceptions to plaintiff's first and second supplemental petitions.

There was an intervention, filed by Thos. S. Goggan, alleging ownership of 238 shares of the stock; that at the time of the signing of the bill of sale he owned 120 shares; that he executed the same upon the faith of and in reliance upon the agreement between the parties thereto that, in consideration of the transfer, he and other parties thereto were to receive the number of shares set opposite the names; that such apportionment was of the essence of the contract; that, if plaintiff should now be allowed to recover a greater proportion than one-twentieth of the stock, intervener's holding would be decreased proportionately in value to the extent of about $13,000, whereof plaintiff is estopped to claim more than said instrument recites; and that if plaintiff should be allowed to recover that he have judgment against plaintiff for such diminution.

Mrs. Aileen Goggan, widow of John Goggan and executrix of his will, and also his daughters, joined in a petition of intervention, alleging and claiming substantially the same.

All of the exceptions to pleadings were overruled, and the trial resulted in a verdict, upon which judgment was entered, after a remittitur, required by the court, in favor of plaintiff for the sum of $51,316, with legal interest from April 26, 1911, and against defendant on its cross-action, and against the interveners.

[1, 2] The first assignment of error is that the court erred in not giving this requested charge at the close of the trial, "You are instructed to return a verdict for the defendant." Under it, appellant has presented a number of propositions, each framed for the purpose of showing why plaintiff was not entitled, under the evidence, to recover from defendant; and appellee has briefed each proposition. Both appellants and appellee have overlooked the fact that the instruction, if given as framed, would have required a verdict for appellant on the whole case, which would have been improper in view of defendant's cross-action. Defendant was not entitled to an instructed verdict on the cross-action, upon the evidence; and appellant,

under this assignment, is only contending that it was entitled to a verdict on the case asserted by plaintiff. Defendant did not, by the requested charge, or otherwise, abandon this cross-action; hence the trial judge had a valid reason for refusing to give the charge as asked, and would have committed error in giving it. There being no error in refusing the instruction, it follows that the assignment must be overruled. It could not serve as a medium for the presentation of the various propositions advanced under it, for the sufficient reason that, if we were to consider and sustain any of said propositions, we would nevertheless have to overrule the assignment.

[3] The second assignment is as follows: "The court erred in overruling the motion of defendant and interveners for an instructed verdict in their favor at the conclusion of plaintiff's testimony in chief, because the evidence failed to establish the case pleaded by him, and required judgment in favor of defendant." A bill of exceptions was taken. This assignment must also be overruled. The bill shows that defendant did not demur to the evidence, and did not waive the right to introduce evidence on behalf of defendant, should the motion be overruled, but reserved that right. If the court had granted the motion and given the peremptory charge, plaintiff could have assigned error thereon. But appellant had not the right to do so when it was overruled, where he did not submit to withdrawing the case from the jury, and did not rely solely upon the testimony already introduced, but chose not to do so. Eberstadt v. State ex rel. Armistead, 92 Tex. 94, 45 S. W. 1007.

[4] Proceeding to the subsequent assignments, we find almost all of them not briefed in a manner required by the rules. In fact, the brief of appellant is gotten up generally in flagrant disregard of the rules. While it is discretionary with the Court of Civil Appeals to consider, or not consider, assignments defectively briefed (Cammack v. Rogers, 96 Tex. 461, 73 S. W. 795), the discretion ought not to be extended too far. The rules are designed for the purpose of facilitating the work of the appellate court, by enabling it to readily grasp the point intended to be submitted, and to refer to so much of the record as relates to it, and, to a reasonable extent, should always be enforced.

[5, 6] Multifarious assignments and propositions obscure and obstruct the work of the court, and are not permitted. For example, the third assignment, which is submitted as the proposition contended for, complains of certain testimony being improperly admitted, because "not competent or relevant, not based upon pleadings, shows that the claims are barred by limitations, laches, and stale demand, fails to show that the contract declared on was ever made, and shows that plain-

tiff has long since had full settlement, and the undisputed evidence establishes waiver and estoppel, as is more fully shown by bill of exceptions No. 1, referred to and made a part hereof." It requires no explanation to show that it contains a multitude of propositions, instead of complying with the rule, which prescribes, "The propositions, if more than one, under one ground of the assignment, shall refer to it and be stated separately." These remarks apply as well to the assignments from 4 to 7, inclusive, and also the ninth. None of them can be considered.

[7] The assignments from Nos. 10 to 21, inclusive, complain of the refusal of charges; each assignment being briefed merely by copying the assignment which complains of the refusal of a particular charge, setting it forth. There can be no pretense that they are sufficiently briefed. They are not considered.

The assignments 24, 25, 26, 28, 29, 31 to 48, inclusive, are also not considered, because briefed clearly in violation of what the rules contemplate.

[8] The twenty-second assignment, taking its subdivisions as propositions, as they are declared to be, we find the first and third subdivisions to be multifarious. The second one is that "there was no evidence showing that the overcharges, so called, amounted to more than the necessary cost of purchasing goods and expenses incident to carrying the same in stock and supplying promptly the wants and requirements of plaintiff's firm." There is no reference, in connection with the assignment, to what the evidence was on the subject. There is, however, a reference to "preceding statements," of which there were many. The assignment cannot be entertained.

[9] The eighth assignment complains of the admission of part of a letter. After setting forth an extract therefrom, the assignment reads, "to which we objected, because it was incompetent, immaterial, and irrelevant, and for the other reasons recited in exceptions 1 and 2, which objections were overruled and said extract admitted, to which ruling exception was taken by bill No. 6. [Record, 119, 120. 56.]" The brief should have informed us what the other objections were. The only objections made known to us are those which appear in the assignment, to wit, the incompetency, immateriality, and irrelevancy of the letter. The propositions under the assignment relate to other questions. This assignment cannot, therefore, be sustained.

[10] The twenty-seventh assignment complains of the following portion of the charge: "A partner making purchases of merchandise for the partnership business must, unless there is an agreement or consent to the contrary by his partner, charge the partnership only the amount actually

paid for such merchandise and the reasonable expense of making such purchase." This was clearly not subject to the objection that the court assumed that more than the actual cost of merchandise and expenses had been charged.

The thirtieth assignment is accompanied by a proposition and statement. The clause of the charge complained of by the assignment did not relate to or affect the burden of proof.

[11] The twenty-third assignment of error is sufficiently briefed to present the point intended to be made. It sets forth enough of the substance of what is complained of in the charge to identify the paragraph. It is true the paragraph is not copied in the brief; nor is the page of the record given where it is to be found. But the court ought not to be that technical in disposing of the assignment. Where a resort to the record to find the evidence of a fact or facts is attended with difficulty, there is some reason for the court refusing to go to the record, unless the page or pages are given in the brief. But when it comes to a charge, if only a few pages in an indexed transcript, and the court can readily put its hand on the questioned paragraph, it would be an oppressive application of the rules to refuse to do so.

[12] The paragraph is as follows: "If you believe from the evidence that the transfer, of date February 11, 1906, signed by the former partners of Thos. Goggan & Bros., was actually executed in manner and form as introduced in evidence, and that it expressed the actual consideration agreed upon between the plaintiff and the defendant, then you will find for the defendant; but if you find from the evidence that said instrument has been altered or changed after the plaintiff signed it, and without his consent to such change, by the insertion of the number of shares which plaintiff was to receive for his interest in said copartnership business, or if you find from the evidence that it does not express the consideration which was agreed to between the plaintiff and the defendant, or between the plaintiff and the parties acting for and in behalf of the defendant in securing said property, then you will disregard said transfer." The complaint is, in substance, that there was no evidence to warrant submitting to the jury the question whether or not the bill of sale or transfer from plaintiff to defendant was executed in manner and form as introduced in evidence, or whether or not it was altered after plaintiff signed it by the insertion of the number of shares which plaintiff was to receive for his conveyance.

[13] The proposition is the familiar one that it is error to charge upon an important issue presented by plaintiff's pleadings, but as to which no evidence has been introduced. We find that the undisputed testimony that was given on the subject was that there had been no alteration of the instrument, and that it was executed by the parties, including plaintiff, just as it appears. Plaintiff's testimony on the subject is: "I suppose I took the bill of sale to Galveston to sign and acknowledge it on the requirement of John Goggan, instead of signing it here. I don't believe I read the bill of sale before I signed it. I don't know what the bill of sale contained."

The first portion of the charge in question told the jury to find for defendant, if they found from the evidence that the transfer was executed as it now appears, and that it expressed the actual consideration agreed on by plaintiff and defendant. Nowhere else in the whole charge did the court instruct the jury upon what state of facts they could find for defendant. Hence the charge was an important one.

There being no evidence tending to show the alleged alteration of the instrument, which recited that plaintiff was to receive 100 shares of the stock for his conveyance, defendant's right to a verdict should not have been made dependent upon a finding on that question. As it was, the court told the jury, in effect, that, in order to find for defendant, they must find that no alteration had been made in the instrument, as well as that it did not express the true consideration. The charge was calculated to lead the jury to think the issue of alteration was material, and that they could not find for defendant, unless they found that the instrument had not been altered after its execution by plaintiff. It is true there was no testimony supporting a finding that it was altered; but the very fact that such issue was submitted to them by the court as one to be passed on had the tendency to cause the jury to believe that there was testimony to support it. Railway v. Harriett, 80 Tex. 74, 15 S. W. 556. The subsequent part of the paragraph tended to emphasize the error. Said subsequent part of the paragraph authorized the jury to disregard the transfer as evidence, when, there being no evidence that it had been altered after plaintiff signed it, they should not have been so instructed.

The question whether or not it was admissible for plaintiff to go behind this transfer and question the consideration, without averment and proof of fraud, accident, or mistake in its execution, we shall not pass upon until the question is properly assigned and presented to us. There are other questions equally important which are not decided, because not properly presented. Appellants ask that we render judgment in their favor; but, in any event, they are not entitled to this relief from us in the condition of their brief.

In reference to the fiftieth assignment of error, which clearly shows and presents the point intended to be made, though it is irregularly briefed, we will say that it sug-

gests what we think would be a proper amendment of the charge it refers to, in case it should become necessary on another trial to charge on that matter.

Reversed and remanded.