## PEACOCK v. COLTRANE.

(Court of Civil Appeals of Texas. San Antonio. April 16, 1913. On Motion for Rehearing, May 14, 1913.)

1. JUDGMENT (§ 949*)—PLEADING—RES JUDICATA—QUESTIONS CONCLUDED.

Where plaintiff, suing on a contract, pleaded that the contract was separate and distinct from the contract litigated in a prior suit, the plea of res judicata, on the ground that the face of the pleadings showed that the matters in controversy had been or should have been litigated in the prior cause, must be overruled.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1794, 1795–1803; Dec. Dig. § 949.*]

2. TRIAL (§ 420*)—REFUSAL TO DIRECT VERDICT—WAIVER.

Defendant, who introduced his evidence after the overruling of his motion for a directed verdict, thereby waived the right to complain of the ruling.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 983; Dec. Dig. § 420.*]

3. TRIAL (§ 261*)—REQUESTS OF CHARGE.

A requested charge to find for defendant for certain amounts is properly denied, where the amounts specified include items for which defendant is not entitled to recover.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 484, 660, 671, 673, 675; Dec. Dig. § 261.*]

4. APPEAL AND ERROR (§ 732*)—ASSIGNMENTS OF ERROR—SPECIFICATION.

An assignment of error that the court erred in refusing a new trial because the verdict was excessive under the undisputed evidence was too general to justify consideration on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3022–3024; Dec. Dig. § 732.*]

5. NEW TRIAL (§ 128*)—SPECIFICATION OF ERROR — EXCESSIVE DAMAGES — MOTION FOR NEW TRIAL.

A motion for new trial on the ground that the verdict is excessive under the undisputed evidence must specify wherein the verdict is excessive.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 257–262; Dec. Dig. § 128.*]

On Motion for Rehearing.

6. JUDGMENT (§ 590*)—RES JUDICATA—ISSUES CONCLUDED.

A judgment in an action on a contract, rendered after the court had excluded the parts of the petition which stated another cause of action, is not a bar to an action on the latter cause of action.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1035, 1063, 1064, 1102–1106; Dec. Dig. § 590.*]

Appeal from Bexar County Court; Geo. W. Huntress, Judge.

Action by J. W. Coltrane against Wesley Peacock. From a judgment for plaintiff, defendant appeals. Affirmed.

Carlos Bee and C. C. Todd, both of San Antonio, for appellant. C. A. Davies, of San Antonio, for appellee.

MOURSUND, J. This is the second appeal of this case; the opinion of this court upon the former appeal being reported in 116 S. W. 389, to which reference is made for a statement of the nature of the suit. After the reversal of the case appellee filed his third supplemental petition, alleging that the plea of res adjudicata filed by defendant should not be sustained, because the contract made by himself with the Peacock Military College for his salary as head master of the school and the contract in reference to the primary department were two separate and distinct contracts, made at separate times and depending upon separate and distinct conditions, wherefore it was not necessary for him to litigate the said issues in the Fifty-Seventh district court; further, that if required to litigate in the district court, his failure to do so was caused by the wrongful action of the defendant in having the court sustain his plea as to the misjoinder of parties in said court, and that plaintiff is not, by reason thereof, estopped from asserting his said claim, because defendant cannot take advantage of his own wrong merely because his interests have changed. A verdict was returned in favor of appellee for $818 and against appellant on his cross-action, and, judgment being rendered accordingly, this appeal was taken.

[1] Appellant contends the court should have sustained his plea of res adjudicata on the ground that it is shown by the face of the pleadings that all matters in this controversy have been, or should have been, litigated between the parties in cause No. 16,887 in the Fifty-Seventh district court of Bexar county, Tex. As plaintiff pleaded the contract sued upon was a separate and distinct contract from the one litigated in the former suit, it cannot be held that the pleadings disclosed that the matter should have been litigated in such suit. Appellant also contends that after the evidence was in his plea of res adjudicata should have been sustained, on the ground that the undisputed evidence shows but one contract was entered into by and between plaintiff and defendant, and all matters involved in said contract were, or should have been, litigated in said cause No. 16,887. At appellant's request, two special charges were submitted to the jury, one directing a finding for defendant if they believed the contract sued on to be a part of the one sued on in cause No. 16,887, and the other instructing them to find for defendant if the two agreements were entered into at the same time and were one and the same contract. These issues were determined against appellant, and upon a careful examination of the entire testimony we conclude there is evidence sufficient to support such findings, and conclude that the court did not err in refusing to hold as a matter of law that the plea of res adjudicata was sustained by the evidence.

[2] The next assignment complains of the

overruling of defendant's motion to instruct a verdict, the contention being that the evidence is insufficient to show a separate contract, regarding the primary school, from the one litigated in the other case. The motion itself contains several grounds upon which an instructed verdict is asked, but the assignment of error presents only the one above mentioned. If the motion was filed and passed upon before defendant introduced his evidence, as we infer it was from the phraseology of the assignment, all rights to complain of the failure to grant the same were waived by electing to introduce further evidence. M. K. & T. Co. v. Saunders, 103 S. W. 459; Goggan v. Goggan, 146 S. W. 972; Knights of Tabor v. Smith Johnson, 156 S. W. 532, decided by this court, but not yet officially reported. However, the assignment presents the same question as the preceding one, and would have to be overruled, because, as stated in discussing said assignment, we conclude the evidence was sufficient to sustain a finding that there were two contracts.

The sixth assignment complains of the giving of a special charge which is identical with one given upon the former trial, and the giving of which was held by this court not to constitute error.

[3] Complaint is also made because of the refusal to give special charge No. 10, as follows: "If you believe from the evidence that defendant is liable to plaintiff in any sum, and you further believe that plaintiff had been overpaid up to January 19, 1905, in any or all of the following amounts:

| | |
|---|---|
| Overdraft from Hugh Cunningham... | $ 10 00 |
| Overdraft from Roy Jackson......... | 145 00 |
| Overdraft on R. & P. Simmons....... | 18 40 |
| Overdraft on Howard Barbisch....... | 125 00 |

—you will return a verdict in favor of defendant for any or all of said amounts." The statement under this assignment is insufficient to show error, nor do we find that the testimony is clear on this matter. However, as we understand the issue, it is whether the defendant could recover all the money paid Coltrane by pupils in excess of what was due on January 19, 1905, the date of the alleged breach of the contract. Even if appellant could recover anything by reason of such payments, it is apparent that he could not recover the tuition and prospective profits which appellee would have derived from Jackson and Barbisch. In other words, if they had not paid for the term, appellee would have sued for the amount of their tuition and the profit on their board, but such items were included in the sums of money sought to be recovered by appellant by reason of the payments made by these two boys. The special charge was therefore erroneous in authorizing a recovery of such items, and was correctly refused.

[4, 5] The last assignment is that the court erred in refusing to grant defendant a new trial because the verdict is excessive under the undisputed evidence in the case. The rule is well established that such an assignment is too general to justify consideration by appellate courts. In addition the charge of excess in the verdict is not properly presented in the motion for new trial, as the same fails to specify wherein the verdict was subject to such objection. Railway v. Scarborough, 104 S. W. 414; Degener v. O'Leary, 85 Tex. 171, 19 S. W. 1004; Ry. v. McVey, 81 S. W. 991; City v. Devlin, 84 Tex. 319, 19 S. W. 395; Ry. v. Matlock, 141 S. W. 1067; Ry. v. Fesmire, 150 S. W. 201; Ry. v. Suitor, 153 S. W. 185; Traction Co. v. Emerson, 152 S. W. 468; Ry. v. Young, 155 S. W. 672, decided by this court, but not yet reported.

The judgment is affirmed.

## On Motion for Rehearing.

[6] Appellant insists that, even though the cause of action asserted in this case be admitted to be founded upon a different contract from the one made by him with appellee whereby the latter became head master, still it was litigated in case No. 16,887, because the court in sustaining the exceptions thereto did not sustain the same any further than as to the misjoinder of parties. It is true the judgment reads that the court was of the opinion that: "The law was with the defendant upon his first, second, and fourth exception as to the misjoinder of parties, which are therefore by the court sustained." The meaning of this language is not clear. However, the parties have agreed in the statement of facts that the trial court marked upon the pleading the portion excluded by him upon demurrers, and have stated exactly what was excluded by him. An examination of the portion excluded by him reveals the fact that he excluded, or struck out, the entire cause of action now sued upon. The three exceptions sustained by the court are lengthy, and we shall not copy them in this opinion. The first asserts a misjoinder of causes of action and prays that the suit be dismissed. The second says that if the alleged rights of action of May Coltrane can be sued for in such suit, then she should be made a party plaintiff, and asks that the case be dismissed because of her nonjoinder. It appears she must have been joined as a party plaintiff in answer to this exception, because the judgment of the court shows that a plea of abatement as to the joining of her as a party plaintiff was sustained. The fourth exception alleges that the petition is defective in so far as attempt is made to sue upon the alleged cause of action of May Coltrane, because no facts are alleged showing any right on the part of plaintiff to prosecute such suit on her behalf or on his own behalf, and because it did not "state the facts upon which plaintiff claims the right and authority by which the pretended contract was made." When these

exceptions are considered in connection with the pleading stricken out, the judgment of the court must, in our opinion, be construed as a holding that plaintiff could not litigate the matter of the contract relating to the primary department with that relating to his contract as head master. The matter relating to the one contract was tried; the matter relating to the other was stricken from the petition. The judgment so rendered is not res adjudicata as to the cause of action stricken from the petition.

The motion is overruled.