SAVAGE v. MOWERY.   (No. 5264.)

(Court of Civil Appeals of Texas.   San Antonio.   April 22, 1914.   Rehearing Denied May 20, 1914.)

1. APPEAL AND ERROR (§ 500*)—RULINGS ON PLEADINGS—RECORD.

Where the appeal record fails to show any ruling on any of the pleadings, assignments of error with reference to alleged rulings on the pleadings will not be considered, except that an objection that the petition is fatally defective may be urged for the first time on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2295-2298; Dec. Dig. § 500.*]

2. FRAUDS, STATUTE OF (§ 144*) — WAIVER — PLEADING.

Where an answer is subject to general demurrer because showing on its face that the defense pleaded is within the statute of frauds, such defect may be waived so that, if the general demurrer is waived, the answer will be as effective as though no demurrer had ever been filed.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. § 351; Dec. Dig. § 144.*]

3. APPEAL AND ERROR (§ 173*)—DEFENSES—QUESTIONS NOT RAISED AT TRIAL—STATUTE OF FRAUDS.

Where the statute of frauds was not urged below until in the motion for new trial, it could not be relied on, on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1079-1089, 1091-1093, 1095-1098, 1101-1120; Dec. Dig. § 173.*]

4. TRIAL (§ 420*) — MOTION FOR INSTRUCTED VERDICT—DENIAL—WAIVER OF ERROR.

Where a motion for an instructed verdict is overruled and the moving party thereafter introduced evidence in his own behalf, he waives his right to assign error on denial of the motion.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 983; Dec. Dig. § 420.*]

5. TRIAL (§§ 251, 252*)—INSTRUCTIONS—REQUEST TO CHARGE—ISSUES.

Where, in a suit on certain notes given for the rent of land, a pumping plant and canal, defendant pleaded that an agreement had been made in consideration of his foregoing his right to rescind on discovery of the falsity of plaintiff's representations concerning the saline character of the water, by which plaintiff bound himself to forego his rent and cancel the notes if salt water appeared in the river at the pumping plant in sufficient quantity to injure defendant's crops, and defendant testified that salt water appeared in the river in 1909, but not in sufficient quantity to injure the crops for that year, and in 1910 the water again became salty and badly damaged the crop, while plaintiff denied making such agreement, a request to charge that if plaintiff promised to forego his rents if salt water appeared in the river, and the jury found that salt water did appear, and defendant continued to use and cultivate the premises without electing to rescind, then he ratified the contract, was properly refused as not within the issues or testimony.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 505, 587-612; Dec. Dig. §§ 251, 252.*]

6. LANDLORD AND TENANT (§ 233*) — ACTION FOR RENT—MODIFICATION OF CONTRACT—INSTRUCTIONS.

Where, in an action on notes given for the rent of land, a pumping plant, and canal, defendant pleaded and proved an agreement subsequent to the lease that, in consideration of defendant's foregoing his right to rescind on discovery of the falsity of plaintiff's representations concerning the saline character of the water, he agreed to forego his rent and cancel the notes if salt water appeared in the river at the plant in sufficient quantity to injure defendant's crops, and it appeared that during the third year of the lease the water became so salty as to cause defendant a heavy loss for that year, defendant was entitled to cancel the notes on that ground, and hence an instruction to award plaintiff a verdict at the rate of $500 a year for three years, during which it was claimed that defendant used the property without complaint, was erroneous and properly refused.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 49, 940-944; Dec. Dig. § 233.*]

7. LANDLORD AND TENANT (§ 34*)—LEASE—MODIFICATION—RESCISSION.

Where, after a contract for the renting of land, a pumping plant, and canal for a term of years had been modified by parol, so that plaintiff agreed to forego his right to rent and cancel his rent notes if salt water appeared at the pumping plant in sufficient quantity to injure defendant's crops, defendant expended considerable money, and had contracted to deliver water to persons who had rented land on the strength of such contracts, defendant was under no obligation to accept plaintiff's subsequent offer to rescind, and hence defendant's declining to accept such offer did not constitute a ratification of the contract so as to preclude his demanding a cancellation of the notes on salt water subsequently appearing in quantity sufficient to endanger the crops.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 97; Dec. Dig. § 34.*]

8. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—INSTRUCTIONS—PROPOSITIONS.

A proposition, under an assignment of error to the giving of a charge, that it was on the weight of the evidence, failing however to point out in what respect, would not be considered on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

9. LANDLORD AND TENANT (§ 193*)—LEASE—RESCISSION—EFFECT.

Where, after a lease of land, a pumping plant and a canal for five years, and the execution of notes for the rent, defendant objected because of the saline condition of the water, whereupon plaintiff bound himself to forego his rent and cancel the notes if salt water appeared in the river at the pumping plant in sufficient quantity to injure defendant's crops, and such condition occurred in June, 1910, the court properly held that defendant's election to terminate the contract for that reason released him from payment of the rent remaining unpaid for 1909 as well as the notes not due at the time the salt water appeared in 1910.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 787; Dec. Dig. § 193.*]

Appeal from District Court, Matagorda County; Saml. J. Styles, Judge.

Action by E. J. Savage against C. W. Mowery. Judgment for defendant, and plaintiff appeals. Affirmed.

Gaines & Corbett, of Bay City, for appellant. L. M. Williamson, of Houston, for appellee.

MOURSUND, J.   On October 2, 1907, E. J. Savage and C. W. Mowery entered into a

written contract whereby Savage leased Mowery certain land, and pumping plant, and canal for five years beginning November 1, 1907, with the privilege of extending the lease for two years, and Mowery agreed to pay an annual rental of $500, payable as follows: $250 on November 1, 1907; $500 on the 1st day of November of each of the years 1908, 1909, and 1910; and $250 on November 1, 1912—for which sums promissory notes were executed bearing 8 per cent. interest from maturity and providing for attorney's fees. The first two notes were paid. On December 15, 1911, Savage sued Mowery for principal, interest, and attorney's fees upon the remaining notes and for the establishment and foreclosure of a lien upon certain property situated upon the leased premises. Defendant pleaded payment of note 3, alleging that $463.50 was paid to the Bank of Matagorda which held the note for collection, and was accepted by said bank, and the remaining $36.50 was paid by reason of plaintiff charging defendant with and collecting 10 cents per sack for 365 sacks which under the lease contract were to be furnished by plaintiff for the purpose of containing rice agreed to be delivered by plaintiff to defendant for watering certain lands of plaintiff. Defendant further pleaded that the consideration for the notes sued upon had failed because the lease contract had terminated; that he had been induced to enter into said contract by reason of false and fraudulent representations by Savage to the effect that there never had been any salt water in the Colorado river at the point where the pumping plant leased by defendant was located; that defendant knew nothing concerning such matter and believed and relied upon such representations; that in fact salt water had theretofore been in the river at said place, thereby rendering the water totally unfit for irrigating purposes, and about October 15, 1907, defendant learned such fact and thereupon accosted plaintiff and demanded the cancellation and surrender of his notes, whereupon plaintiff agreed that defendant should proceed under the lease contract, and, if at any time there should be such quantity of salt water at said place as to injure the rice crop, the contract should be canceled and defendant relieved from the obligation to pay rent; that pursuant to such agreement defendant proceeded with the contract during 1908 and 1909 and up to June, 1910; that about June 15, 1910, the water in the river at the point where the pumping plant was located became salty and unfit for irrigating purposes, and defendant was required to desist from further pumping, thus causing the rice crop on 400 acres to dry up and fail to mature, so that instead of producing 6,000 bushels it only produced about one-third of such amount; that by reason of such fact and of said agreement defendant abandoned the contract and became absolved from the payment of said notes, wherefore he prayed that

the notes be canceled and that he recover his costs. The trial resulted in a verdict and judgment for defendant.

[1-4] The first assignment complains of the overruling of a general demurrer, the second and third of the overruling of special exceptions, and the fourth the overruling of a motion for an instructed verdict. The record fails to show any ruling by the court upon any of said pleadings, and it is well settled that under such circumstances they will be considered as waived. City of San Antonio v. Bodeman, 163 S. W. 1044, and cases therein cited. But an exception is recognized where a petition is fatally defective, in which case it may be attacked upon appeal, though such error was not urged below. In this case the only matter called to our attention under any of these assignments which presents a serious question is a contention made in the motion for an instructed verdict that the verbal agreement modifying the written contract was within the statute of frauds and therefore not enforceable. The third amended original answer does not expressly state that the agreement modifying the written contract was verbally made, yet it is apparent from the answer that such is the case. But the statute of frauds can be waived, and in the absence of an attack upon the answer the agreement pleaded constitutes a good defense. If an answer is subject to a general demurrer because showing on its face that the defense is within the statute of frauds, such defect in the answer is one which can be waived, and it is evident that, when the general demurrer is waived, the answer is as effective as if no demurrer had ever been filed. It does not appear that objection was made to the evidence of the verbal agreement on the ground that the same was within the statute of frauds, and in fact such defense to the answer is nowhere suggested except in the motion for an instructed verdict. As the record does not show that said motion was ever called to the trial court's attention, no ruling thereon appearing in the record, we cannot hold that the statute of frauds was ever urged until in the motion for new trial. It therefore appears that appellant is not entitled to rely upon the statute of frauds upon this appeal. International Harvester Company v. Campbell, 43 Tex. Civ. App. 421, 96 S. W. 93. It has also been held that if a motion for an instructed verdict is presented and overruled, and thereafter the party making such motion introduces evidence, he waives his right to assign error upon such ruling of the court. Goggan v. Goggan, 146 S. W. 972; Knights & Daughters of Tabor v. Johnson, 156 S. W. 533; Railway v. Hall, 156 S. W. 356.

The four assignments are overruled.

[5] The fifth and sixth assignments complain of the refusal to give special charges Nos. 1 and 2. Special charge No. 1 was to the effect that if the jury found that plaintiff promised to forego his rents if salt water

appeared in the river, and find that salt water did appear in the river, and defendant continued to use and cultivate the premises without electing to rescind, then that he ratified the contract, and do find for plaintiff. The issue sought to be submitted was not raised by the pleadings or testimony. Defendant pleaded that an agreement had been made in consideration of his foregoing his right to rescind upon discovery of the falsity of plaintiff's representations, by which agreement plaintiff bound himself to forego his rent and cancel the notes if salt water appeared in the river at the pumping plant in sufficient quantity to injure his crops. His testimony was to the effect that salt water appeared in 1909, but did not injure the crop, and in June, 1910, the water again became salty and stayed that way for a long time, so that the crop was very badly damaged. Plaintiff denied making any such agreement. Special charge No. 2 is somewhat similar to special charge No. 1. It entitled plaintiff to recover if salt water appeared and rendered the use of the canal hazardous, and defendant continued to use same. This issue was also not made by the pleadings or evidence. We conclude that the court did not err in refusing to give these charges, and therefore overrule the assignments.

[6] The seventh assignment complains of the failure of the court to give a special charge instructing the jury to allow plaintiff at any rate the sum of $500 per year for three years; the contention being that defendant used the property of plaintiff for three years without complaint and therefore should pay for such time. The evidence shows that before the third year expired the water became so salty as to cause a very heavy loss of crop for that year, and under the verbal contract as pleaded and testified to by defendant he had the right to cancel the notes. The charge therefore was erroneous, and the assignment is overruled.

By the eighth assignment complaint is made of the charge of the court; various objections being urged in the assignment, which is sought to be submitted as a proposition in itself. It cannot be treated as a proposition because multifarious. The first proposition thereunder is as follows: "It having been shown that the defendant did not rely upon the statements alleged to have been made by the plaintiff, the court should have instructed the jury to disregard the same." There is sufficient evidence to sustain a finding that defendant relied upon plaintiff's statement that no salt water had ever come up to his pumping plant, and therefore such proposition cannot be sustained.

[7] The second proposition reads: "An offer to rescind having been made by the plaintiff and declined by the defendant, there was ratification of the contract, and the charge of the court was faulty." Defendant testified that plaintiff's offer to rescind came several months after the verbal contract was made, and at a time when he had expended considerable money, and had contracted to deliver water to persons who had rented land upon the strength of such contracts. Certainly, if the contract as modified suited defendant, he could adhere to same. No obligation rested upon him to accept an offer to rescind after the contract was modified to suit him.

[8] The third proposition submitted is that the charge is upon the weight of the evidence, but it is not pointed out in what respect, and therefore the objection will not be entertained. The assignment is overruled.

[9] The ninth and tenth assignments relate to the sufficiency of the evidence to sustain the judgment. It is contended that defendant used plaintiff's property for three years without complaint, and paid only $963.50, and should at least pay the difference between said sum and $1,500. The evidence shows that about four or five months before the third year expired salt water became so abundant in the river and remained so long that the rice crop was damaged to the extent of about two-thirds. It appears that $250 of the rent for the third year became due November 1, 1909, and $213.50 thereof was paid. This statement does not agree with appellant's contention (which is acquiesced in by appellee), but we are at a loss to understand how appellant arrived at the figures upon which he bases his contentions. He contends that only $963.50 was paid by appellee. True, appellant testified that $463.50 had been paid on note No. 2, and only $963.50 in all. To arrive at such amount we would have to decide that the first $500 note was paid and $463.50 on the second note for $500. In fact, the first note to become due was one for $250 due November 1, 1907, and it is admitted in the petition that said note was paid, and also that the note for $500 due November 1, 1908, was paid. Plaintiff alleged that nothing had been paid on the note for $500 due November 1, 1909, but the note when offered in evidence bore a credit of $463.50. This note is described in plaintiff's petition and defendant's answer as note No. 3, but in the statement of facts is referred to by plaintiff as note No. 2. We think it is clear that $1,213.50 was paid in all, which amount covers the rent for the first two years and leaves $213.50 as a part payment of rent for the third year. The only question then left to be decided is whether appellee should pay the $36.50 because of the fact that such amount became due November 1, 1909, and was not paid, and the contract had not at that time been canceled. Appellee pleaded payment of $36.50 by delivery of rice sacks of that value, but offered no proof. The court, however, took the view that the agreement pleaded, whereby plaintiff was to release defendant from the payment of rent and cancel all notes if salt water in sufficient quantity to injure the crops appeared, was sufficient, if established, to

release defendant from payment of the $36.-50 as well as the notes not due at the time the salt water appeared in 1910. Therefore the charge was so drawn as to permit an absolute finding for defendant if the jury found that the allegation of the answer as to the creation and breach of the verbal contract was established by the evidence. We conclude that the court did not err in so construing the verbal contract pleaded. After alleging payment of $36.50 in rice sacks furnished, defendant pleaded that the consideration for all notes sued upon had failed, and alleged that the verbal agreement was that no rent would be charged if salt water appeared in sufficient quantity to injure the crops. Defendant's testimony justifies a finding that such was the agreement. As the crop for 1910 was badly damaged because of the existence of salt water in the river for such a long time, the rent for that year cannot be collected under the contract, and plaintiff is not entitled to judgment for the $36.50. The assignments are overruled.

The judgment is affirmed.