## SCOTT v. BONNER et al. (No. 3296.)

Court of Civil Appeals of Texas. Amarillo. Oct. 23, 1929.

McLean, Scott & Sayers, of Fort Worth, for appellant.

Bonner, Bonner & Fryer and Virgil Childress, all of Wichita Falls, and R. H. Cocke, of Wellington, for appellees.

RANDOLPH, J. The plaintiff, J. M. Bonner, brought suit in the district court of Wheeler county, against R. L. Scott et al., defendants, and A. C. Varner, intervener. The plaintiff's petition declared on a promissory note for $5,325.01, and to foreclose a chattel mortgage lien on a certain string of well-drilling tools, and recovered a judgment thereon. He caused an order of sale to be issued thereunder, which order of sale was levied by the sheriff on the property in controversy herein, and in his return, indorsed upon said order of sale, he recites that the property was found in the possession of R. L. Scott (the defendant), and that it was valued by him at the sum of $950; that said property has been claimed by R. L. Scott, who made claimant's oath and bond in the sum of $1,900, with C. J. Glenn and W. W. Beach as his sureties; and that he duly returns the writ.

Issues were joined by the parties, the principal contention being as to the ownership of the property by Varner; appellant claiming that he had bought the property from Varner prior to the execution of the chattel mortgage by Varner to Bonner.

At the close of plaintiff's case in chief the appellant moved the court to direct a verdict in his favor on the ground, among others, that plaintiff has wholly failed to establish a title in himself or in any other person under whom he claims, superior to that of appellant. This motion was overruled by the court. After the overruling of appellant's motion for an instructed verdict, the case proceeded, and appellant, as defendant, introduced much evidence upon the issues in the case. The case was submitted to a jury on special issues. The jury found that Scott had not bought the property from Varner prior to the mortgage to Bonner; that it was worth $1,000 at the time of the levy; and that it had no rental value. Upon this verdict judgment was rendered for appellee Bonner against appellant in the sum of $1,235.

The sole question presented to this court on this appeal is the following proposition: "Where, in the trial of the rights of property, the property in controversy is in the possession of the claimant at the time of levy, the Court should grant claimant's motion for an instructed verdict in his behalf, made after plaintiff had closed his case in main and before the introduction of any evidence by any other party, when plaintiff has failed to prove a title in himself or in those under whom he claims, superior to that of claimant."

Appellee meets this proposition by the counter proposition that: "The single point relied upon by appellant for recovery on this appeal is a claim that the Trial Court erred in overruling his motion for a peremptory instruction presented at the close of plaintiff's case. After that time, appellant called several witnesses upon his own behalf and appellee introduced further testimony. Not having stood upon his motion, the point relied upon cannot be sustained."

In other words, the appellee's contention is that by reason of the introduction of defensive matter in evidence, and in not standing upon his motion for verdict, the defendant had waived his objection to the court's action in overruling the motion.

The statement of facts discloses, together with the bill of exception, that, when the plaintiff closed his testimony in chief, the defendant made his motion for verdict, and that, when the court overruled this motion, he proceeded to introduce his evidence without relying further on said motion. The statement of facts shows voluminous testimony introduced by the defendant and plaintiff after the overruling of this motion, covering the questions of difference between the parties.

It is held in the case of St. Louis Southwestern Ry. Co. of Texas v. Douthit (Tex. Civ. App.) 208 S. W. 201, at page 204, writ of error refused, that: "As shown above, appellant's first assignment of error complains of the trial court's action in overruling its motion for an instructed verdict in its favor made after appellees had closed their evidence in chief. This assignment must be overruled. The record discloses that appellant did not stand upon this motion, but after it was overruled proceeded to introduce testimony. By electing to introduce further testimony appellant waived all rights to complain of the court's failure to grant its motion, and hence there is no merit in his contention. Railway Co. v. Saunders [Tex. Civ. App.] 103 S. W. 459; Goggan v. Goggan [Tex. Civ. App.] 146 S. W. 968; Railway Co. v. Hall [Tex. Civ. App.] 156 S. W. 356; Grand Temple and Tabernacle, etc., v. Johnson [Tex. Civ. App.] 156 S. W. 532; Peacock v. Coltrane [Tex. Civ. App.] 156 S. W. 1087; Denton v. English [Tex. Civ. App.] 157 S. W. 264."

This being the rule, the appellant has waived his right to raise the question of error upon the action of the trial court in failing to sustain his motion for judgment.

It may be possible that, independent of the question of the failure of the court to sustain his motion, the failure of the plaintiff to show title in the party against whom he was seeking to foreclose could be raised as fundamental error. We have, therefore, gone into the record and have investigated that question. It appears that the defendant Scott pleaded a purchase of the property in controversy from A. C. Varner prior to the giving of the mortgage by Varner to the plaintiff and for foreclosure of which plaintiff sued. This pleading of defendant clearly alleges a

common source of title in the property on the part of Scott and the plaintiff. The right and title claimed by Scott was that he had purchased the property from Varner, thus asserting title from Varner as the owner, and, the jury having found that his purchase was subsequent to the giving of the mortgage to the plaintiff, concludes all question of title which defendant Scott claims was injected into the case by reason of his possession of the property at the time the sheriff levied on it.

Finding no reversible error, we affirm the judgment of the trial court.