**CASTELO et al. v. CASTELO.**

No. 3275.

Court of Civil Appeals of Texas. El Paso.
Jan. 16, 1936.

Rehearing Denied Feb. 6, 1936.

Silliman, Johnson & Crumpton, of Fort Stockton, for appellants.

R. D. Blaydes and T. M. Milam, both of Fort Stockton, for appellee.

PELPHREY, Chief Justice.

This suit was instituted by appellee against Henrietta Castelo and her mother, Anita San Miguel. In his second amended petition, upon which he went to trial, he alleged in substance:

"(a) That he and the appellant Henrietta Castelo were formerly husband and wife and during their marital relations, with community funds, they purchased lot No. 1, block D, James addition to the town of Fort Stockton, Pecos county, Texas, and personal property consisting of household goods and kitchen furniture, and that during the time they were husband and wife they made valuable improvements upon the above-described land, all with community funds.

"(b) That the said Henrietta Castelo consummated the purchase of the above-described property and fraudulently, without appellee's consent, had the deed made to her, reciting that said property was paid for out of her separate estate and for the benefit of herself and separate property.

"(c) That he and the appellant Henrietta Castelo were divorced on or about the 12th day of October, 1933, but no partition of property was ever made.

"(d) That the appellant Henrietta Castelo on or about the 2d day of November, 1933, conveyed the above-described property to her mother, the appellant Anita San Miguel; that such conveyance was without consideration and fraudulent.

"(e) That by reason of the property being purchased with community funds and never having been partitioned he was the owner of a one-half undivided interest thereto.

"(f) That the appellants had been using, occupying and enjoying said premises since the 12th day of October, 1933, and that the reasonable rental value of said property for such time was the sum of $20 per month.

"(g) Appellee prayed that he be awarded one-half of the personal property or its value, and that he be awarded and decreed to be an undivided half owner in said real estate, and that the court enter an order providing for the partition of same, and that he recover of and from the defendant one-half of the rental value of said premises from October 12, 1933, to date."

To these allegations appellants demurred generally, pleaded a general denial, the

1034

three-year statute of limitation, innocent purchaser, and estoppel, and by way of cross-action prayed that cloud cast on their title by appellee's suit be removed.

The jury in answer to special issues found that the consideration paid for lot 1, block D, James addition to the town of Fort Stockton, was money belonging to the community estate of appellee and Henrietta Castelo; that Jose Castelo did not know that the conveyance of said lot recited that the consideration was paid by Henrietta Castelo out of her separate funds; that Jose Castelo did not agree at the time of the purchase of the lot that it was to be the separate property of Henrietta Castelo; that the house on the lot was built with community funds; that the money paid for the lot in question was not the separate property of Henrietta Castelo; and that the house constructed thereon was not built with funds belonging to her separate estate.

Upon these findings the court decreed the property to be the community property of Jose and Henrietta Castelo and ordered it sold and that one-half of the proceeds less one-half of the cost of the execution sale be paid to appellee, and that the other one-half be paid to Henrietta Castelo less the remaining costs. The court also decreed that the rent sued for by appellee prior to the date of judgment be denied, but that from and after judgment appellee be decreed a monthly rental of $15 per month, and a lien was decreed in favor of appellee therefor as against one-half interest of Henrietta Castelo. The personal property involved in the suit was adjudged to be the separate property of Henrietta Castelo. It was further decreed that the cloud cast upon the title by the deed to Anita San Miguel be removed.

### Opinion.

■ Appellants' first proposition is directed at the trial court's refusal to instruct a verdict in their favor at the conclusion of appellee's testimony. The record here shows that appellants did not stand upon their motion, but that after it was overruled, they proceeded to introduce testimony. This constituted a waiver of their right to complain of the court's refusal to grant the motion. Sprowls v. Youngblood (Tex.Civ.App.) 23 S.W.(2d) 879; Scott v. Bonner (Tex.Civ.App.) 21 S.W.(2d) 54, 55; Magnolia Compress & Warehouse Co. v. Davidson (Tex.Civ.App.) 38 S.W.(2d) 634.

■ It is true that such a motion was also made at the conclusion of all the evidence, but the overruling of that motion is not questioned in appellants' brief. Furthermore, we are of the opinion that in view of the fact that all property acquired by either husband or wife, during their marriage, except that which is acquired by gift, devise, or descent shall be deemed common property, the record here is sufficient to at least raise an issue as to whether the property involved was the property of the community, and consequently the giving of the requested instruction would not have been proper. The assignment is overruled.

■ The record here showing that appellee could not write and failing to show that the writer was authorized by him to make the statement sought to be introduced and used as an admission by him against interest, the proffered letter was properly excluded and the fact that such letter may have purported to be in reply to a letter written by Henrietta would not make it admissible. 22 C.J. p. 908. The only way a person can be bound by a written admission is to prove that he wrote it or that it was written by some one authorized by him to do so. The only evidence here as to authority is that of appellee himself, and he emphatically denies ever authorizing any such statement.

■ The court did not err in permitting Henrietta to be cross-examined relative to use of moneys sent her by appellee. The suit was for a division of the property both personal and real, and therefore the fact that the real estate had been paid for would not render the inquiry immaterial or improper.

■ Appellant Henrietta Castelo claimed all the property as her own and nowhere pleaded any facts which would show a gift to her as her separate property of either the property or the funds with which it was purchased. The issue made by the pleadings was whether or not the property was the separate property of Henrietta or the community property of herself and appellee, and this issue was the one submitted in issues Nos. 1 and 3–A. Property acquired during marriage being presumed to be community property until the contrary is shown, and this being true even in cases where the title is taken in the wife's rather than the husband's name, there was no error in placing upon appellants the burden in issues Nos. 4 and 5. 23 Tex.Jur. § 307, pp. 356 and 357.

If there was any error in submitting the second and third issues, it was harmless.

The trial court's definitions of separate and community property are the statutory ones, and the charge requested was not a definition but in the nature of a general charge. While it is true that a husband may give the wife her earnings, there was no allegation here that such occurred.

Finding no reversible error in the record, the judgment of the trial court will be affirmed.