TEXAS & PACIFIC RAILWAY COMPANY v. J. J. ELLERD.

Decided April 1, 1905.

1.—Carriers of Live Stock—Evidence—Delay.

In an action for damages resulting from delay in transporting live stock it is competent for witnesses having the requisite knowledge to state what would be a reasonable time for the transportation.

**2.—Same—Special Damage—Pleading.**

Evidence in such an action that plaintiff told certain agents of defendant that he wanted to enter the horses shipped at a fair as soon as possible was not admissible where the petition did not seek to recover special damages because of delay in entering the horses at the fair.

**3.—Same—Harmless Error.**

The improper admission of such evidence was harmless error where the charge did not authorize a recovery for delay in entering the horses at the fair.

**4.—Same—Market Value—Pleading and Proof.**

Plaintiff was entitled to prove that there was no market value for his horses at the point of destination, although his petition did not allege there was no market value.

**5.—Same—Market Value—Evidence—Charges.**

Testimony by a witness that there had been a few individual sales of such horses at the place of destination, but that there was no market for such horses there, did not render unauthorized a charge permitting a recovery upon the basis of actual value of the horses.

Appeal from the District Court of Taylor. Tried below before Hon. J. H. Calhoun.

*T. J. Freeman* and *J. M. Wagstaff,* for appellant.

*B. A. Cox, Harry Tom King* and *R. M. Ellerd,* for appellee.

CONNER, CHIEF JUSTICE.—As presented to us, this case varies but little from the numerous cases for damages sought because of injuries inflicted during the transportation of livestock. Briefly stated, the facts show that, during the fall of 1901, appellee delivered to the appellant company at Dallas, Texas, for transportation to Abilene, Texas, five race horses. In his petition appellee alleged that the horses were greatly delayed, and were roughly handled during the shipment to Abilene, and that sometime thereafter the same horses were reshipped from Abilene to Denison, Texas, and that during this transportation also there was negligent delay and rough handling, causing other and further damage. The trial resulted in a verdict in appellee's favor for the sum of $1,500, and the case now appears before us on appeal.

It is first objected that the court committed error in permitting the plaintiff to prove what was a reasonable time within which appellant should have transported said horses from Dallas to Abilene. The objection made to this testimony, as shown by the bill of exceptions, was that "it was a question of fact for the jury to determine as to what was a reasonable time in which the horses should have been transported." We think this contention without merit. The function of the jury, it is true, was to determine whether the transportation was within a reasonable time; but, in so doing, evidence was necessary to guide them, and it was competent for witnesses having the requisite knowledge to state, as a matter of fact, what would constitute such reasonable time. The evidence tended to show that appellee was qualified to speak upon the sub-

ject; indeed, no objection was made to the testimony because of a want of qualification; and we think the court's ruling sustained by numerous authorities, which we will not take the trouble to cite.

Objection was also urged to the court's ruling in permitting appellee to testify that, after the delivery of his horses to the appellant at Dallas, he proceeded to Fort Worth, Texas, and there informed appellant's yardmaster and dispatcher "that he wanted his horses to go out of Fort Worth as soon as possible, for the reason that he desired to enter them at the Abilene fair as soon as possible." We think the court's ruling in this particular was erroneous, inasmuch as appellee in his petition did not seek to recover special damages because of delay in entering his horses at said fair. The ruling, however, seems to us to be immaterial and nonprejudicial, in that the court submitted no issue of special damage; and unreasonable delay, want of due care. in shipment and resulting damage seems undisputed. The court in its charge submitted only the issues of delay, rough handling and consequent depreciation in the value of appellee's horses, and, as stated, we think the mere fact that the appellee made the remarks referred to could not have influenced the jury.

Objection is also made to evidence on the part of appellee that his horses, in the condition in which they actually arrived at Abilene, were there worth the sum of $800 less than they would have been had due diligence and care been exercised on the part of appellant in the transportation, and were worth actually and intrinsically more than $2,000 less in the condition in which they arrived at Denison than they would have been had they been transported to Denison with ordinary care on the part of the appellant company; the witness stating specifically the amount of damages which each horse had sustained, said amounts aggregating the sums stated. This testimony was objected to upon the ground that the true measure of damage was the difference between the market value of the stock in the condition in which they arrived at said places and in the condition in which they should have arrived with the use of ordinary care; and also for the reason that appellee did not allege in his petition that "there was no market value for stock at Abilene, Texas, or Denison." There was evidence, however, tending to show that there was no market either at Abilene or Denison for race horses such as were involved in the shipment; and in similar cases it has been frequently held that competent evidence showing the actual value is admissible, and in such cases also, the fact that a market value is not alleged, will not deprive the plaintiff of the right of tendering proper proof of such actual value. (See Missouri, K. & T. Ry. Co. v. Davidson, 25 Texas Civ. App., 134, 60 S. W. Rep., 278; Missouri, K. & T. Ry. Co. v. Chittim, 40 S. W. Rep., 23; Texas & P. Ry. Co. v. Fambrough, 55 S. W. Rep., 188; Pacific Express Co. v. Lothrop, 20 Texas Civ. App., 339, 49 S. W. Rep., 898; Hutchinson on Carriers, sec. 770 b; 1 Sedgwick on Damages, sec. 244.)

The objections to the court's charge in the fourth, fifth and sixth assignments, involve largely the same question. Objection is made to the charge because the court instructed the jury, among other things, that, in the event they found there was negligent delay and rough handling and injury, as alleged, the measure of appellee's damages would be the

difference, if any, between the intrinsic value of said horses on the day of their arrival at Abilene and Denison, in the condition in which they did arrive, and what their intrinsic value would have been on their arrival at Abilene and Denison had they been transported with ordinary care and promptness. The objection to the court's charge that there was no pleading authorizing a recovery on the basis of the actual value of the horses has been disposed of in what we have already said. The objection that the charge was unauthorized because appellee had testified to facts which show that there was a market value at Abilene and Denison must be overruled, for the reason, among other things, that appellee testified merely that there had been a few individual sales of such horses, stating specifically that there was no market for such horses at either Abilene or Denison. The court, however, submitted this as an issue to the jury, specifically instructing them to the effect that, in the event they should find from the evidence that there was a market at the places stated, they should find for appellant, being permitted to assess damages in behalf of appellee on the basis of actual value in the event only that the jury found that there was no market. The error in the court's charge was prejudicial to the appellee rather than to appellant. Appellee testified to a depreciation in actual value far greater than the amount of the verdict in this case, and no objection was offered to the evidence other than that we have noted, nor was any effort made to show that, in markets where race horses are bought and sold, the values of appellee's horses, as stated by him, would be other or different than as given. We think the authorities already cited sustain the court's charge as against the particular objections urged thereto. All assignments, therefore, questioning the charge, are overruled.

No other question is presented by the assignments, and, believing that the material allegations of appellee's petition and the verdict of the jury are sustained by the evidence, the judgment will be affirmed.

*Affirmed.*

Writ of error refused.