HOUSTON & T. C. R. CO. v. CROWDER.

(Court of Civil Appeals of Texas. San Antonio. Dec. 18, 1912.)

1. EVIDENCE (§ 113*)—"MARKET VALUE"—INJURIES TO CATTLE.

In an action against a railroad company for damages to a shipment of cattle, where it appeared that cattle of that kind were not, during the season of shipment, bought or sold at the point of delivery, evidence of the price paid for the cattle at the point of shipment is admissible on the question of their actual value, there being no competent evidence of their "market value," which can be established only by showing that cattle of like quality had been bought and sold at that place during the season in sufficient quantities, and often enough to establish a market price.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 259–296; Dec. Dig. § 113.*

For other definitions, see Words and Phrases, vol. 5, pp. 4383–4388; vol. 8, p. 7717.]

2. EVIDENCE (§ 113*)—INJURY TO CATTLE SHIPPED—DAMAGES—MARKET VALUE.

In an action against a railroad company for damages to a shipment of cattle, testimony as to their market value at the point of delivery is inadmissible, where it appears that cattle of that nature were not bought and sold during the season of shipment at the point of delivery.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 259–296; Dec. Dig. § 113.*]

3. EVIDENCE (§ 113*)—INJURY TO CATTLE SHIPPED—DAMAGES—MARKET VALUE.

In an action against a railroad company for injury to a shipment of cattle, where there was no market value for those animals at the point of delivery, evidence of their intrinsic or actual value may be introduced, and so evidence of the price of such cattle when sold some months after shipment is admissible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 259–296; Dec. Dig. § 113.*]

4. TRIAL (§ 251*)—INSTRUCTIONS—APPLICABILITY TO THE ISSUES.

In an action against a railroad company for injuries to cattle shipped, where the petition merely alleged that it negligently failed to water and feed them, and did not allege that it negligently failed to provide and furnish reasonably suitable facilities for the same, an instruction submitting the issue of negligence in

failing to provide reasonable facilities for' watering and feeding is highly improper.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 587–595; Dec. Dig. § 251.*]

5. TRIAL (§ 191*) — INSTRUCTIONS — ASSUMPTION OF FACTS.

In an action against a railroad company for negligent injuries to cattle shipped, a charge that plaintiff's measure of damages is the difference between the reasonable market value of the cattle at the point of delivery in their actual condition and their reasonable market value but for defendant's negligence is objectionable, in assuming that the cattle had a market value at the place of delivery.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 420–431, 435; Dec. Dig. § 191.*]

Appeal from Waller County Court; J. D. Harvey, Judge.

Action by H. B. Crowder against the Houston & Texas Central Railroad Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Baker, Botts, Parker & Garwood, of Houston, and W. B. Garrett, of Austin, for appellant.

MOURSUND, J. Appellee shipped 162 stock cattle from Stamps, Ark., to Waller, Tex., and sued appellant for damages alleged to have been suffered by reason of the negligent delay of appellant in transporting said cattle from Corsicana to Waller, also for damages suffered by reason of appellant failing to water and feed said cattle. It was further alleged that the cattle were unloaded at Waller on February 23, 1910, into a pen having an unfastened gate, causing nine head, of the value of $135, to escape, that eight, of the value of $120, died after arriving at destination, and that the remainder depreciated in value $2 per head. Defendant answered by general and special exceptions, general denial, and special pleas setting up the bad condition of the cattle when received, and the conditions of the contract under which it transported same. Verdict was returned in favor of plaintiff for $254, and judgment entered accordingly, from which defendant appealed.

[1, 2] The first three assignments of error are based upon the refusal of the court to permit appellant to prove the price paid by appellee for the cattle at Stamps, Ark., when he purchased same for shipment to Waller; the contention being that the evidence showed clearly that there was no market value for the class and quality of cattle included in said shipment at Waller in February, 1910, and therefore appellant was entitled to show what appellee paid for said cattle at Stamps, Ark., and the cost of transportation, as tending to show the reasonable value of that class of cattle at Waller, and for testing the correctness of appellee's estimate of their value at Waller. The evidence wholly fails to show any market value at Waller for cattle such as were contained in this shipment.

No witness undertook to testify to the market value except appellee himself, and on cross-examination he admitted that he had never sold any cattle in February that had just been shipped from Arkansas to Waller, and knew of no cattle of that character being sold there in February; that he had made contracts for sale of such cattle in January and February for delivery in the latter part of April or May, and based his knowledge as to the market value of these cattle at Waller on what he sold them for to be delivered the latter part of May or the first part of June. On cross-examination he admitted that this was the first lot of cattle he ever shipped from Arkansas to Waller. Four other witnesses testified to a knowledge of the market value of native cattle at Waller in February, 1910, but admitted they did not know the market value of Arkansas cattle shipped in there in February, and testified they did not know of any such cattle ever being sold there in February, and that the native cattle were much more valuable than Arkansas cattle. One of them testified positively there was no such market value, the others that they knew of none. The appellee, in rebuttal, said: "I base my judgment as to the market value of these cattle at Waller in February, 1910, upon what I sold these cattle for, some of them to Whitesides, which I delivered in June, 1910, and the rest I shipped in June and July to Ft. Worth. That is all I know how to say what the market value was at Waller." In order to establish the market value at the place of delivery, it was necessary that the evidence should show that cattle of like quality had been bought and sold at that place during the season in sufficient quantity, and often enough to show a market value. 2 Suth. on Damages; Railway Co. v. Jackson, 99 Tex. 343, 89 S. W. 968. The testimony in this case failed to establish a market value at Waller for this class of cattle, and the evidence of what appellee paid for same at Stamps, Ark., should have been admitted as a circumstance to be considered in determining the actual value of the cattle. Railway Co. v. Jackson, supra; Railway v. Anson, 82 S. W. 785; Railway v. Levy, 45 Tex. Civ. App. 373, 100 S. W. 195; Pacific Express Co. v. Lothrop, 20 Tex. Civ. App. 339, 49 S. W. 899; Railway Co. v. Powers, 54 Tex. Civ. App. 168, 117 S. W. 461; Railway v. Ellerd, 38 Tex. Civ. App. 596, 87 S. W. 362; Railway v. Fambrough, 55 S. W. 188; McCullough Hardware Co. v. Burdett, 142 S. W. 612.

The fourth assignment complains of the admission of appellee's testimony stating the market value at Waller of the cattle, the contention being that his testimony showed clearly that there was no market value at Waller in February, 1910, for that class of cattle, and also showed that he was not qualified to testify to the market value of such cattle at said time and place. For the

reasons given in discussing the first three assignments, this assignment is sustained.

[3] The fifth assignment is as follows: "The trial court erred in permitting the plaintiff to testify as a basis for estimating his damages the price at which he sold said cattle during the months of April and May following the shipment of said cattle in February, the same to be delivered by him during the month of June following, as shown by defendant's bill of exceptions No. 5." The proposition is that the market value of the cattle at the time of their arrival was the true criterion upon which to base the measure of damages. We are only called upon to consider the admissibility of the evidence complained of as against the objection urged, namely, that the proper criterion upon which to base a measure of damages is the market value. Such rule applies where a market value is shown, but when the evidence shows there is no market value, or even when the existence of a market value is so doubtful that the issue must be submitted to a jury, evidence of the intrinsic or actual value may be introduced. We have already held the evidence in this case insufficient to show a market value, and necessarily conclude that any assignment should be overruled which is based upon an objection that no value other than the market value may be shown.

Assignments 6, 7, 8, and 9 all relate to the sufficiency of the evidence, and, in view of another trial, will not be considered.

[4] The tenth assignment complains of the following paragraph of the court's charge: "You are therefore charged that if you find from a preponderance of the evidence that plaintiff's cattle were delivered to defendant at Corsicana to be transported by defendant from such place to Waller, Tex., and you further find that defendant did not so transport same within a reasonable time, or you find that defendant failed to exercise ordinary care to provide and furnish reasonably suitable and sufficient facilities for feeding, watering, and resting of such cattle while in transit, or negligently failed to afford plaintiff an opportunity to feed, water, and rest such cattle while in transit, and you further find that as a direct and proximate result of either or all of such omissions of duty on the part of defendant as you may find to exist, if any, plaintiff's cattle sustained injury," your verdict should be for plaintiff." The objection is that it submits an issue of negligence or omission of duty not raised by the pleadings. Plaintiff alleged that defendant failed to water and feed the cattle, but did not allege that defendant negligently failed to provide and furnish reasonably suitable and sufficient facilities for feeding, watering, and resting said cattle while in transit, and did not allege that defendant failed to afford plaintiff an opportunity to feed, water, and rest said cattle while in transit. To submit an issue not made by the pleading has been held to constitute reversible error, unless it clearly appears that it was not calculated in any manner to influence the jury. Railway v. Flannagan, 40 S. W. 1046. The assignment is sustained.

[5] The eleventh assignment complains of the following paragraph of the court's charge: "In the event you should find for plaintiff, the measure of his damages, if any, is the reasonable market value at Waller, Tex., at the time of their arrival there of such cattle, if any, as were lost by reason of defendant's negligence, if any, and of such of plaintiff's said cattle, if any, as died as a direct and proximate result of defendant's negligence, if any, and as to such cattle of plaintiff as you may find were injured (and were not lost, and did not die), if any, by reason of defendant's negligence, the measure of plaintiff's damage is the difference, if any, between the reasonable market value of such cattle so injured, if any, at Waller, Tex., at the time and in the condition they arrived at Waller, and the reasonable market value of same, at Waller, at the time and in the condition they would have arrived in Waller but for defendant's negligence, if any." The objection is that the charge assumed there was a market value of such cattle at Waller. This objection is well taken. Railway v. Fisher, 99 S. W. 1042. The additional objection could have been made that the evidence wholly failed to show any market value at Waller, and the measure of damages should have been based upon the actual value.

The judgment is reversed, and the cause remanded.