EL PASO & SOUTHWESTERN CO. et al. v. HALL et al.

(Court of Civil Appeals of Texas. San Antonio. April 10, 1913.)

1. PROCESS (§ 31*)—SERVICE—CITATION.
Though the citation directing the officer to summon defendant railway companies, instead of naming them, stated that another railroad company "and others" were defendants, it was sufficient, where it commanded the officer to deliver to each of the defendants, naming them, a true copy of the citation.
[Ed. Note.—For other cases, see Process, Cent. Dig. § 25; Dec. Dig. § 31.*]

2. PROCESS (§ 34*)—SERVICE—CITATION—SUFFICIENCY.
A citation was not insufficient because a copy of plaintiff's petition was attached there-

to, instead of a brief summary of the cause of action, as required.
[Ed. Note.—For other cases, see Process, Cent. Dig. § 28; Dec. Dig. § 34.*]

3. DAMAGES (§ 159*)—PLEADING—EVIDENCE—VALUE OF STOCK KILLED.
In an action against a railroad company for damages for the death of part of a shipment of cattle, under an allegation that the cattle killed were reasonably worth $18 a head, evidence of the market value of the cattle killed is admissible.
[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 429–438, 440–444, 447, 449–453; Dec. Dig. § 159.*]

4. APPEAL AND ERROR (§ 1050*)—REVIEW—HARMLESS ERROR.
In an action against a railroad company for damages for the death of part of a shipment of cattle, a question to a witness, which assumed that the cattle had a market value at their destination, was harmless, though erroneous, where the cause was tried to the court, where the defendant, on cross-examination, failed to bring out that there was no market value at that point, when it might have moved to exclude the testimony.
[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1068, 1069, 4153–4157, 4166; Dec. Dig. § 1050.*]

5. APPEAL AND ERROR (§ 1051*)—REVIEW—HARMLESS ERROR.
In an action against a railroad company for damages for the death of cattle, where the company's evidence showed that they had a market value at the point of destination, the allowance of improper questions to plaintiff's witnesses, which developed similar testimony, is harmless.
[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4161–4170; Dec. Dig. § 1051.*]

6. APPEAL AND ERROR (§ 1052*)—HARMLESS ERROR—EVIDENCE.
In an action against a railroad company for damages to a shipment of cattle, the admission of evidence that the cattle injured were worth about $18 per head at that time was not prejudicial, where it was followed by testimony stating the market price at the same figure at the time and in the condition they should have arrived.
[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4171–4177; Dec. Dig. § 1052.*]

7. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—STATEMENTS.
An assignment of error complaining that evidence was not authorized under the pleading will not be considered, where the statement failed to disclose the pleading on that subject.
[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

8. DAMAGES (§ 159*)—PLEADING—EVIDENCE.
In an action against a railroad company for damages to a shipment of cattle, an allegation in the petition that a number of cattle were damaged to the extent of $10 a head was sufficient to warrant the admission of testimony regarding the value of the injured cattle at the destination in the condition in which they should have arrived.
[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 429–438, 440–444, 447, 449–453; Dec. Dig. § 159.*]

9. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—MULTIFARIOUS ASSIGNMENT.
An assignment of error complaining of the court's findings of fact, attacking the same on several grounds, cannot be considered as a prop-

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

osition, because multifarious; and consequently the appellate court can consider only the propositions submitted thereunder.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

10. DAMAGES (§ 188*)—EVIDENCE—INJURY TO LIVE STOCK.

In an action against a railroad company for damages to a shipment of cattle, evidence *held* sufficient to support findings of the value of the cattle injured and killed.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 511; Dec. Dig. § 188.*]

11. TRIAL (§ 417*)—MOTION FOR JUDGMENT— WAIVER.

By introducing evidence thereafter, a defendant waives the error in the overruling of his motion for judgment at the close of plaintiff's case.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 980; Dec. Dig. § 417.*]

Appeal from District Court, Culberson County.

Action by A. L. Hall and another against the El Paso & Southwestern Company and the El Paso & Southwestern Railroad Company of Texas and another. From a judgment for plaintiff, the named defendants appeal. Affirmed.

Hawkins & Franklin, of El Paso, for appellants. Joe Irby, of Van Horn, and R. M. Reed, of El Paso, for appellees.

MOURSUND, J. This suit was instituted by appellees against appellants and the Texas & Pacific Railway Company to recover $1,350 damages, alleged to have been suffered by appellees on account of the negligent manner of transporting 1,600 head of cattle for appellees from Columbus, N. M., to Van Horn, Tex.

Appellants filed a motion to quash the citation, which being overruled they answered by general demurrer and special exceptions, a general denial, and special plea that the cattle were shipped under a contract making defendants liable only for negligence; that no damage was caused by negligence, but the same was caused by the inherently poor condition of the stock and by appellees overloading the cars.

Upon a trial before the court judgment was rendered in favor of appellees against appellants for $650, and that plaintiffs take nothing as against the Texas & Pacific Railway Company. Findings of fact and conclusions of law were filed.

[1] The first assignment of error is directed against the ruling of the court in refusing to quash the citation. The first ground of objection to the citation was that it did not name the appellants or either of them as defendants. We find that the citation directed the officer to summon appellants, but at the place where it undertakes to say who are plaintiffs and who are defendants, instead of naming the defendants, it reads, "the Texas & Pacific Railway Company et al. are defendants." However, it commands the officer to "deliver to said defendants, the El Paso & Southwestern Railroad Company of Texas and the El Paso Southwestern Company, each in person, a true copy of this citation." This clause makes it clear that the appellants were defendants in the suit, and sufficiently names them as defendants.

[2] The second objection to the citation was that plaintiffs' cause of action was not properly set forth in the citation. Instead of briefly stating the nature of plaintiffs' demand, the clerk attached, in the place left blank for such statement, a copy of plaintiffs' petition. We do not see how the defendants can complain because furnished a copy of plaintiffs' petition, instead of a brief summary thereof, and hold the citation not subject to the objection urged against it.

[3] The second assignment is directed against the admission of the testimony of J. Y. Canon with reference to the value of the cattle killed. One objection was that the pleadings were insufficient to support proof of market value of such cattle. The petition alleges that the cattle killed were reasonably worth $216, or $18 per head; and the 55 head of cattle injured were damaged to the extent of $550, or $10 per head. Appellants' contention appears to be that, unless the value alleged is stated to be the market value, proof of market value is inadmissible. To plead that property is worth a certain sum is equivalent to saying that such sum is its value, and the word "value," when applied to property, without any qualification, means the price which it will command in market. A general allegation of reasonable value is sufficient to authorize the introduction of evidence of market value, and requires the introduction of such evidence, unless it be proved there is no market value, in which event proof of intrinsic value may be made. Railway v. Chittim, 40 S. W. 23; Railway v. Davidson, 25 Tex. Civ. App. 134, 60 S. W. 278; Railway v. Ellerd, 38 Tex. Civ. App. 596, 87 S. W. 362; Railway v. Crews, 139 S. W. 1051; Railway v. Peacock, 128 S. W. 463.

[4] Another objection is that the witness was not first asked the question whether there was a market value for such cattle at their destination, but instead was asked whether he was acquainted with the market value of such cattle at their destination. While the question assumes there is a market value, that fact alone should not require a reversal of the case, especially upon a trial before the court. Appellant had every opportunity to question the witness, and, if it developed there was no market value at Van Horn, then to move to exclude the testimony.

[5] It also appears that appellants introduced in evidence a statement by one Boyd, a man thoroughly conversant with prices of cattle such as were contained in this shipment, to the effect that the grown cattle

were worth at Van Horn $22.50 per head and the calves $16.25 per head. It also appears from the witness Sieks' testimony that the values given by Boyd were the market values. It therefore appears that appellants should not be heard to complain that there was no market value for such cattle at Van Horn, Tex. The court allowed $18 for one cow killed, and $16.25 per head for 11 calves killed. Canon testified the cow was worth $25 to $30, and the calves $18, per head. We are of the opinion that said assignment shows no error requiring a reversal of this case.

[6] The third assignment is based upon bill of exceptions No. 3, which complains of permitting Canon to testify that the 55 head of injured cattle were worth about $18 per head when injured. The value at the time of injury was immaterial; but this testimony was not prejudicial, in view of the fact that it was followed by testimony giving the same price as the market value at destination at the time they should have arrived and in the condition in which they should have arrived.

[7, 8] Assignment No. 4 is based upon bill of exception No. 6, relating to the admission of the testimony regarding the market value of the injured cattle at Van Horn, Tex., in the condition in which they should have arrived and at the time they should have arrived. It appears the only objection urged was that there was no pleading to authorize the proof offered. The statement fails to disclose what the pleading was on this subject, and therefore the brief shows no error; but when we refer to the pleading we find the allegation that the 55 injured cattle were damaged to the extent of $550, or $10 per head, which allegation we consider sufficient, especially when exception thereto is sought to be taken by objection to the admission of evidence. Railway v. Williams, 25 S. W. 311.

The fifth assignment is not supported by a sufficient statement, because it appears that the entire statement relates to the question and answer complained of under the third assignment, while this assignment relates to another question and answer. Nor does the statement contain that paragraph of plaintiffs' pleading relating to the damages claimed by reason of the injuries to 55 head of cattle, and we are asked to determine whether the pleading not contained in the statement is sufficient to support the proof not set out in the statement. However, we have examined the record, and think the assignment is without merit.

[9] The sixth assignment complains of the second paragraph of the court's findings of fact, attacking the same on several grounds; one being because he found appellants guilty of negligence, another because he found the cow which was killed was worth $18, another because he found that the calves which were killed were worth $16.25 per head, and still

another because he found the 55 head of calves were injured to the extent of $8.25 per head. This assignment cannot be considered as a proposition, because multifarious; so we can consider only the propositions submitted thereunder.

[10] The first proposition complains of the finding that the cow was worth $18. We think the evidence is ample to support this finding. Canon testified she was worth from $25 to $30, and finally said about $27. The statement made by Boyd, introduced by appellants, was that cows such as those contained in the shipment were of the market value of $22.50 at Van Horn.

The second proposition complains of the finding that the calves which were killed were of the value of $16.25. This was the value placed upon them by Boyd in his said statement introduced by appellants, and $18 was the value testified to by Canon. We overrule the assignment.

[11] The seventh assignment is directed at the overruling of appellants' motion for judgment, made after plaintiffs had closed their evidence in chief. By failing to rely upon such motion and introducing evidence thereafter, appellants waived any rights they may have had to complain of the overruling of such motion. Goggan v. Goggan, 146 S. W. 972; Knights and Daughters of Tabor v. Smith Johnson, 156 S. W. 532, decided by this court, but not yet officially reported.

The eighth assignment reads as follows: "The court erred in its conclusions of law, in the first paragraph thereof, in concluding, as a matter of law, that the defendants, El Paso & Southwestern Railroad Company of Texas and El Paso & Southwestern Company, were liable to plaintiffs for damages in the amount of $650, for the reason that each and every item of damages as found and set forth in the court's findings of fact, and which the court permitted the plaintiffs to prove over said defendants' objections, admitted without any allegations in the plaintiffs' pleadings under which such proof could be admitted in evidence." We have, under previous assignments, held the pleadings sufficient to authorize the proof upon which the court based his findings.

We find no error requiring a reversal of this case, and the judgment is affirmed.