## GULF, C. & S. F. RY. CO. v. MORRIS.
### (No. 424–3830.)

(Commission of Appeals of Texas, Section A. May 9, 1923.)

1. Carriers ⚖219(1)—Bill of lading for Interstate shipment of carriers held through bill of lading.

A bill of lading covering an interstate shipment of cattle, signed by the carrier, and connecting carriers, and providing for a through rate, *held* a through bill of lading, under the federal statute making the initial carrier liable for the full amount of loss and damage caused by it or its connecting carriers.

2. Appeal and error ⚖1067—Failure to limit damages to specific acts or negligence charged held not reversible error.

In an action for damages to an interstate shipment of cattle, where part of the damage was caused by the dipping of the cattle before shipment, the fact that the jury, in determining negligence and in fixing the damages, were not confined to the specific acts and negligence alleged in the petition, was not reversible error, where there was no testimony that the injury to the cattle was caused by anything except the acts complained of in the petition.

3. Appeal and error ⚖1052(5)—Admission of incompetent evidence as to value not reversible error, where verdict awarded a less sum.

In action for damages to a shipment of live stock, evidence by a witness as to the market value of the cattle *held* not reversible error, even if inadmissible, where the jury fixed the value of the cattle at less than the amount fixed by such testimony.

Error to Court of Civil Appeals of Third Supreme Judicial District.

Action by J. P. Morris against the Gulf, Colorado & Santa Fé Railway Company, Judgment for plaintiff was affirmed by the Court of Civil Appeals (241 S. W. 235), and plaintiff brings error. Affirmed, as recommended by the Commission of Appeals.

Snodgrass & Dibrell, of Coleman, and Terry, Covin & Mills and O. B. Wigley, all of Galveston, for plaintiff in error.

Critz & Woodward, of Coleman, for defendant in error.

GERMAN, J. J. P. Morris sued the Gulf, Colorado & Santa Fé Railway Company in the district court of Coleman county, Tex., to recover damages caused to a shipment of cattle transported from Coleman, Tex., to Foraker, Okl., alleging that 29 head of the cattle were killed as a result of the rough, reckless, and negligent handling of same in shipment. The railway company interposed a plea that this was an interstate shipment, not on a

through bill of lading, and that liability was limited to its own line, which was authorized under the Cummins Amendment to the Carmack Law (U. S. Comp. St. § 8604a). It also pleaded that the death of the cattle was due to the fact that they were poor and weak and had been dipped in a strong solution of arsenic and other substances. The jury, in response to special issues, found that 29 head of the cattle were killed by reason of the negligence of the plaintiff in error or its connecting lines, of the value of $1,600.80. They also found that the dipping of the cattle, under the circumstances, contributed to the damage in the sum of $150.80. This amount was deducted from the total damages allowed. The Third Court of Civil Appeals affirmed the judgment of the trial court. 241 S. W. 235.

The proposition of greatest importance urged in petition for writ of error is this: The shipment being an interstate one, and not being transported on a through bill of lading, plaintiff in error had a right to limit its liablity to its own line, which it did, and there was no evidence of injury to the cattle as a result of its negligence; therefore it was not liable in any sum.

Under the bill of lading issued by the plaintiff in error, it contracted to receive and transport the cattle from "Coleman, Texas, to Gulf Junction (where shipment leaves our lines), consigned to Morris & Buie, Foraker, Oklahoma." It was signed by "Gulf, Colorado & Santa Fé Railway Company and connecting carriers, by G. E. Dalton, Its Agent." The rate was a through one, and only the one bill of lading was issued for the entire route.

[1] We have had this particular question under consideration in the case of Gulf, C. & S. F. Ry. Co. v. G. D. Hines, 250 S. W. 1013, this day decided by us, and under the authorities and principles announced in that case, we hold that the bill of lading covering this shipment was a "through bill of lading," and under the federal statute the plaintiff in error, as the initial carrier, was liable for the full amount of loss and damage caused by it or its connecting carriers.

Counsel for plaintiff in error also strenuously urge that the company is not liable, because the jury found that the dipping of the cattle contributed to the damages sustained. It will be noted, however, that they expressly limited the damage caused by the dipping to the sum of $150.80, which was deducted from the other damages. This being true, plaintiff in error was liable for all damages caused by its negligence or that of the connecting lines. Hartford Fire Ins. Co.

v. G., H. & S. A. Ry. Co. (Tex. Com. App.) 239 S. W 919.

[2] Complaint is made that the trial court erred in the preliminary general charge and in submitting certain special issues, because the jury, in determining whether or not there was negligence and in fixing the damages as a result of negligence, were not confined to the specific acts of negligence alleged in the petition. This would be good grounds for complaint, but for the fact that there is no intimation in the testimony of defendant in error that the injury to the cattle was caused by anything except the acts complained of in the petition. The witnesses for defendant in error are positive in their statements that the death of the cattle was due to the bruises and injuries received as a result of the rough handling and switching of the cars. One of the witnesses for plaintiff in error stated that the cattle died because of the dipping, but the jury decided this issue otherwise. Under all the facts of the case there was no error in the charge or the manner in which the special issues were submitted.

[3] The only remaining assignment of error necessary to notice is the one complaining of the admission of the testimony of the witness Morris as to the market value of the cattle at Foraker. This witness was experienced in the cattle business and had known these particular cattle a number of years. He stated that he knew the reasonable market value of such cattle at Foraker, Okl.; that he was there about three days; that he could have sold the cattle while there, as he had an offer for them; however, there was no regular market for cattle there, and he had never been there before. He testified that the market value of the cattle at the time and place was $75 per head. The jury fixed the value of the cattle killed at $55.20 per head. Two other witnesses testified without objections that the reasonable market value of the cattle at Foraker at the time was $75 per head. If the testimony of Morris were inadmissible, in view of the other evidence, this would not constitute reversible error. However, we do not think the trial court abused its discretion in permitting the witness to testify. Rogers & Adams v. Lancaster et al., 248 S. W. 660, and authorities there cited.

We conclude that the judgment of the trial court and the Court of Civil Appeals should be affirmed, and so recommend.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.