## FOLEY BROS. DRY GOODS CO. v. SETTEGAST et al.

### No. 10860.

Court of Civil Appeals of Texas. Galveston.

Oct. 26, 1939.

Rehearing Denied Nov. 23, 1939.

Maurice Epstein, of Houston (Wm. A. Vinson and Fred R. Switzer, both of Houston, on motion for rehearing only), for appellant.

John H. Crooker and Fulbright, Crooker & Freeman, all of Houston (John H. Crooker and Kraft W. Eidman, both of Houston, of counsel), for appellees.

MONTEITH, Chief Justice.

This is an appeal in an action brought by appellant, Foley Bros. Dry Goods Company, against appellees, J. J. Settegast et al., to fix the fair and reasonable market value, as of July 1, 1932, exclusive of the value of improvements, of Lots 11 and 12, Block 45, in the City of Houston, Texas, for the purpose of determining the rental to be paid by the appellant for said two lots for the five-year period beginning July 1, 1932, and ending June 30, 1937, under the terms of a certain lease contract entered into between appellant and J. J. Settegast and K. M. R. Settegast, both deceased, on December 20, 1920, for the lease of said two lots for a period of 99 years. Appellees are the heirs or legal representatives of the said J. J. and K. M. R. Settegast.

Under the terms of said contract lessee agreed to pay to lessors in cash an amount of rent equal to 6% per annum net on the value of said premises, to be determined under the terms of the contract. For the purpose of the lease it was agreed that the value of said premises at the beginning of the term of the lease was $300,000, of which $60,000 was the agreed value of the improvements then on said premises, and $240,000 was the agreed value of the land. It was agreed that there should be a revaluation of the land at the end of the first ten-year period of said lease on July 1, 1932, and an additional revaluation of the land at the end of each succeeding five-year period; that the revaluation should be by appraisers, one appointed by each party, who should, as of July 1, 1932, de-

termine and fix a fair and reasonable market value of the land, exclusive of the value of improvements, for a period of five years, beginning July 1, 1932, and that the rent for said property for said five-year period should be a sum equivalent to 6% per annum net to the lessors on said $60,000 agreed value of the improvements, plus the then appraised value of the land; it was agreed that if the appraisers appointed to fix the value of said land failed. to fix the value thereof, that then the Judge of the United States District Court should become a third appraiser, and that if the two appraisers selected for any period and the United States District Judge did not fix the value of said land, that then its value for the then ensuing period should be fixed by a court of competent jurisdiction.

Appellant alleged that prior to July 1, 1932, the respective parties in compliance with the requirements of said contract had appointed their respective appraisers, but that the appraisers being unable to agree and the Federal Judge having refused to act as umpire of said contract, plaintiff had instituted a suit in equity asking the district court .of Harris County to fix the fair and reasonable market value of said land, exclusive of the value of improvements, so that the rental for the five-year period beginning July 1, 1932, might be determined; it alleged that the value of said two lots did not exceed $40,000.

Appellees answered by general and special demurrers and exceptions and general denial. They admitted the execution of said contract and alleged the value of the lots in question on July 1, 1932, to have been not less than $340,000.

The cause was tried before a jury, who, in answer to one special issue submitted, found that the fair and reasonable market value of said two lots, exclusive of any improvements thereon, as of July 1, 1932, for the ensuing five-year period, was $175,-000. The trial court entered judgment in accordance with the jury's finding.

The two lots in question are what is known as key lots. They extend 250 feet through Block No. 45 of the City of Houston. Lot No. 11 fronts 50 feet on Preston Avenue, and Lot No. 12 fronts 50 feet on Prairie Avenue. Each lot is 125 feet in depth. Appellant owns a lot fronting on Main Street and running back to said two key lots and has under long term lease other property in the same block adjoin-

ing said Lots Nos. 11 and 12, not affected by said lease contract, on which it has erected a nine-story building.

On July 1, 1932, appellant was conducting a single mercantile establishment in said building under the name of Foley Bros. Dry Goods Company. It had leased certain space therein, located in some instances partly on said key lots and partly on adjoining property, to firms and individuals who were engaged in conducting departments therein as a part of appellant's business and under its name.

The primary issue made by the pleadings in this action was the fair and reasonable market value of said two lots, exclusive of the improvements thereon, as of July 1, 1932, for the ensuing five-year period. The controlling question to be determined in this appeal is whether or not the court permitted the proper elements to be taken into consideration by the jury in ascertaining the value of said property under the terms of said contract.

Appellant assigns error in the action of the court in permitting appellees, over its objections, to introduce testimony in reference to the nature and character of the improvements on said two lots during said five-year period and as to the nature of appellant's use of said improvements, including testimony as to the gross receipts of moneys received by appellant during said five-year period from said leased departments using space in said building, as not being proper elements to be taken into consideration in ascertaining the value of said property.

While the court permitted appellees to fully develop the facts in reference to the improvements on said property and the uses made thereof, including the gross rentals received by appellant during said five-year period from the leased departments using portions of said two lots, we think that the rights of appellant were amply protected by the instructions given by the court as to its consideration.

Special Issue No. 1 reads: "What do you find from a preponderance of the evidence was the fair and reasonable market value, as that term has hereinbefore been defined to you, as of July 1, 1932, for the period of five years from July 1, 1932, to June 30, 1937, of lots 11 and 12 in block 45 exclusive of the value of any improvements thereon."

In connection therewith the court gave the following instruction: "Certain evi-

dence has been admitted before you concerning certain leases made by Foley Brothers to certain portions of the building now upon the lots in question. In this connection you are instructed that insofar as the consideration paid by the lessees under such leases is concerned, you may not consider the portions of such consideration that represented special services rendered by Foley Brothers to such lessees, nor the value of the use of such space as was conferred upon it by its conjunction with other lots than those in question."

■ The courts of this state have uniformly held that in proving the market value of real property it is permissible to not only show the use to which the property in question is devoted, and the uses to which it is adapted, Boyer & Lucas v. St. Louis S. F. & T. Ry. Co., 97 Tex. 107, 76 S.W. 441, but our courts have held that it is permissible to show all such matters as suitability and adaptability, surroundings, conditions before and after, and all circumstances which tend to increase or diminish the present market value. State v. Carpenter, Tex.Com.App., 89 S.W.2d 194.

This rule is upheld in the case of Sullivan v. Missouri K. & T. Ry. Co., 29 Tex. Civ.App. 429, 68 S.W. 745, 746. In its opinion the court said: "Value is not to be estimated solely from the use made of the land at the time of the seizure, but the use to which it is adapted may be properly taken into account in determining what would justly compensate the owner of the land seized, since the use to which the property is adapted may exert an important influence upon its market value. The estimate of value should be based on the use which men of ordinary prudence and sagacity would make of the land. Future contingent value cannot be considered, and yet it is not improper to consider the surroundings of the property, and the probability that a use may reasonably be made of it more profitable than that to which the owner has devoted it. * * *"

The rule established by the Texas courts is supported by the great weight of authority from other jurisdictions.

In the case of King v. Minneapolis Union Ry. Co., 32 Minn. 224, 20 N.W. 135, 136, by the Supreme Court of Minnesota, which also involved a lease of certain premises for a period of 99 years and in which the terms of rental were 7% per annum on the appraised value of the land, exclusive of improvements, and the payment of all taxes and assessments, and in which a new valuation of the land was to be made each five years, which furnished the basis of the rental for the five years following, the court in its opinion said: "We think it may be stated as elementary that a person is entitled to the fair value of his property for any use to which it is adapted and for which it is available, and for which it may be sold. He is entitled to the value of his property for any use to which it may be applied, and for which it would ordinarily sell in the market, whether that use be the one to which it is presently applied, or some other to which it is adapted. It is, we think, equally true that any evidence is competent and any fact is proper to be considered which legitimately bears upon the question of the marketable value of the property. In this case evidence was introduced tending to prove that the fact of a business having been established and carried on on the premises for so long a time materially increased the market value of this property. If this was a fact, it was competent to prove it; and, if proved, we cannot see why it was not proper to take it into consideration in estimating the value."

Additional cases from other jurisdictions holding that it is proper to show the use to which property is adapted for the purpose of determining the value thereof are, King v. Minneapolis Union Ry. Co., 32 Minn. 224, 20 N.W. 135, by the Supreme Court of Minnesota; In re Gilroy, 26 App.Div. 314, 49 N.Y.S. 798, by the Supreme Court of New York; Brack et ux v. Mayor and City Council of Baltimore, 125 Md. 378, 93 A. 994, Ann.Cas. 1916E, 880, by the Court of Appeals of Maryland; Bell v. Tucker, 37 Ga.App. 254, 139 S.E. 573, by the Court of Appeals of Georgia, and many others.

■ Under the above authorities and the rules laid down by the courts therein, we think that there was no error on the part of the trial court in admitting evidence as to the character of appellant's improvements on said Block No. 45, including improvements on other property therein, outside of the two lots in question, owned and controlled by appellant, and in admitting evidence as to the gross rentals received from said leased departments, since this evidence tended to show the nature and character of the use to which

said property was put during said five-year period and the volume of business actually done on said premises during that period. ·Further, the record shows that when said .evidence was offered, appellant objected only generally thereto and at the conclusion of the trial requested that the jury be instructed to disregard said testimony as a whole, and did not request that the trial court limit said testimony to some purpose ·for which it was admissible.

Appellees contend that the record shows that there were no sales in said Block No. 45, in which the key lots in question were situated, in the entire five-year period under consideration, and that there were no sales of ' down-town business property in Houston during the year 1932, and that therefore it was necessary and proper to resort to testimony showing the fair and reasonable value of said two lots as distinguished from their market value in its strict sense.

The record shows that appellant's witness C. H. Hurlock testified that he did not remember any sale of down-town business property in Houston in 1932 and that the few sales that occurred in 1933 were either distress sales or were made under unusual circumstances. Appellant's witness A. A. Brush testified that he did not know of a single sale in the immediate neighborhood of the property in question in 1932 and that the only sale that he recalled in the vicinity of Block No. 45 was in 1937. Appellant's witness Ira Reed testified that he had studied all the sales he could find that had any bearing on the property in question and that he found practically no sales during that immediate time, that he did not think that there was a fair sale in 1932. Appellee's witness W. G. Birchfield testified that property of the character of the key lots in question moves slowly and is neither bought nor sold on nor is it influenced by the daily market.

■ Our courts have uniformly held that where there is evidence showing or tending to show that a particular piece of property has no market value, or no market value at or near the place in question, or where it is a question for the jury to determine whether the property had in fact a market value, the parties have the right to introduce evidence to prove its actual or intrinsic value. 17 Tex.Jur., 437.

This rule is laid down by our Supreme Court in the early case of International & G. N. Ry. Co. v. Pape, 73 Tex. 501, 11 S.W. 526, 527. Justice Gaines, speaking for the court, said: "The value of a marketable article is the amount for which it can be sold, but the test of market price cannot be applied to such property as is not ordinarily the subject of sale. What an article will bring in the market, when no other article of a like character has been sold, is necessarily a matter of conjecture. It follows that in such a case some other method must be resorted to for the purpose of ascertaining its value."

This rule is followed in the case of Taylor County v. Olds, Tex.Civ.App., 67 S.W.2d 1102, 1103. In its opinion the court said:

"There can be no 'market value,' accurately speaking, in the absence of a market; which is to say there can be no market value of property at a given time and place if there have been no sales of any property of like kind and quality and in ·sufficient quantity to establish a prevailing sales price of such property. Gulf, C. & S. F. Ry. Co. v. Jackson & Edwards, 99 Tex. 343, 89 S.W. 968; International & G. N. Ry. Co. v. Pape, 73 Tex. 501, 11 S.W. 526; Pacific Express Co. v. Lothrop, 20 Tex.Civ.App. 339, 49 S.W. 898; Houston & T. C. Ry. Co. v. Crowder (Tex. Civ.App.) 152 S.W. 183; Galveston, H. & S. A. Ry. Co. v. Patterson (Tex.Civ.App.) 173 SW. 273. * * *

"In the instant case, much of the testimony was secondary evidence of value. While there was some evidence which purported to be of market value, we think the undisputed evidence showed there was no market value at the time and place in question, in that it was shown that there were no sales of similar property in that vicinity at that time, nor had there been for three or four years previously. * * In Ara v. Rutland (Tex.Com.App.) 215 S. W. 445 [446], in an opinion approved by the Supreme Court, it was held that testimony of market value which was. not expressly shown to apply to the particular place concerning which the inquiry was made would not be inferred as so applying, and we take it that, if there would exist no such inference as to place, neither would there as to time."

In the recent case of Lower Colorado River Authority v. Hughes et al., Tex.Civ. App., 122 S.W.2d 222, 223, the court in passing on this particular question said: " * * * the rule is settled that when property taken or destroyed has no mar-

ket value, its actual, reasonable or intrinsic value may be shown. Gulf C. & S. F. Ry. Co. v. Jackson & Edwards, 99 Tex. 343, 89 S.W. 968; Taylor County v. Olds, Tex.Civ.App., 67 S.W.2d 1102, 1103; Fort Worth & Denver Ry. Co. v. Amason, Tex. Civ.App., 239 S.W. 359; Fort Worth & Denver Ry. Co. v. Sugg, Tex.Civ.App., 68 S.W.2d 570; and 19 Tex.Jur. 200–204, and cases there cited. * * * Proof of actual, reasonable or intrinsic value of the property may be shown by the value of its uses, its particular fitness for such uses, and its adaptability for any other uses or purposes, and the reasonable value thereof; and, generally, a witness may give his opinion of the value of such property based on such uses and the value thereof, when it has been shown that he has some knowledge of such uses beyond that of the jurors."

In the case of Norton v. Lea, Tex.Civ. App., 283 S.W. 316, 318, the court in its opinion said: "While there was testimony that said land had a market value during said years, there was affirmative testimony that during said years there were no sales of land in that neighborhood and that said tract did not have a market value. When there is evidence showing or tending to show that the property under consideration has no market value, the parties have a right to introduce evidence to prove its actual or intrinsic value. Felker v. Hyman (Tex.Civ.App.) 135 S.W. 1128, 1130; Texas & P. Ry. Co. v. Ellerd, 38 Tex.Civ.App. 596, 87 S.W. 362, 363; Houston & T. C. Ry. Co. v. Crowder (Tex.Civ.App.) 152 S.W. 183, 184, 185; Galveston H. & S. A. Ry. Co. v. Powers, 54 Tex.Civ.App. 168, 117 S.W. 459, 461."

■ Under the above authorities, the record in this case showing such an absence of sales of similar property at or near July 1, 1932, as to render it a controverted issue as to whether or not the property in question had a market value, we think that it was permissible for the court to resort to testimony showing a fair and reasonable value of said property and that testimony as to the nature and character of appellant's improvements and the nature of its use thereof, including the revenue derived therefrom during said five-year period, was admissible for that purpose, particularly in view of the qualifying instructions given by the court in connection with Special Issue No. One.

Appellant assigns error in the action of the court in refusing, at the request of appellant, duly made, to strike the testimony of the witness Jungman and in refusing to instruct the jury to disregard said testimony, for the alleged reason that on cross-examination he had admitted that the opinion expressed by him as to the value of said lots was not market value.

Appellees' witness Jungman testified on direct examination that he had been in the real estate business seven or eight years; that he was familiar with and had made appraisals of business properties in downtown Houston and had made a survey and analysis of the two lots in question for the purpose of determining their value during the five-year period involved in this suit; that he had arrived at a value of $370,000.00, exclusive of improvements. On cross-examination, he testified that the value placed by him on said property did not represent what the property would have brought on the market had it been offered for sale on July 1, 1932, as vacant property, but that it represented the appraised value of said property "of what any intelligent buyer, willing and able, would purchase from any willing and intelligent seller, both of them able to carry out their obligations."

The trial court, after hearing the cross-examination of the witness, refused to grant appellant's motion to strike, holding that said motion went to the weight to be given to his testimony and not to his competency as a witness.

■ The rule is well settled in this state that the qualification of a witness testifying as to market value is primarily a question for the trial court and that the trial court's ruling thereon will not be disturbed unless it appears that the court's ruling is clearly erroneous. Rogers & Adams v. Lancaster, Tex.Com.App., 248 S. W. 660; Independent Shope Brick Co. v. Dugger, Tex.Civ.App., 281 S.W. 600, affirmed, Tex.Com.App., 285 S.W. 599; Gulf C. & S. F. R. Co. v. Morris, Tex.Com.App., 250 S.W. 1017.

■ Further, appellant's motion to strike said testimony was directed to the testimony in its entirety. Certain portions of the witness' testimony were clearly competent and admissible and appellant having failed to point out to the court those portions which were objectionable and to move that they be stricken, it was proper for the court to refuse to strike said testimony.

234

The rule is well settled in this state that when objection is made to the introduction of evidence or when a motion has been made to strike evidence that has been introduced, some of which is admissible and some not, there is no error in admitting said evidence or refusing to strike said testimony when the objecting party does not specify the objectionable portions thereof. Texas & P. Ry. Co. v. Hall, 31 Tex.Civ.App. 464, 72 S.W. 1052; Durham v. Wichita Mill & Elevator Co., Tex.Civ. App., 202 S.W. 138; Texas Employer's Ins. Ass'n v. Neatherlin, Tex.Civ.App., 31 S.W.2d 673, affirmed Tex.Com.App., 48 S. W.2d 967.

For the reasons above set forth and in view of the authorities cited in support thereof, we think that the ruling of the trial court in refusing appellant's motion to strike the testimony of the witness Jungman in its entirety and in refusing to instruct the jury to disregard said testimony should be sustained.

Appellant contends that the finding of the jury as to the value of said two lots is without sufficient evidence to support it and is against the great weight and preponderance of the evidence.

We cannot agree with this contention. While the testimony of the witnesses covers a wide range of values, there was ample evidence before the jury to support its finding as to the value of the two lots in question.

The rule is well established in this state that an appellate court will not disturb the findings of a jury on conflicting evidence where there is some evidence to support their verdict, unless the verdict is so overwhelmingly against it as to shock the conscience or show clearly that the conclusion reached was wrong or was the result of some passion, prejudice or improper motive. Dallas & W. Ry. Co. v. Kinnard, Tex.Sup., 18 S.W. 1062; Massie v. City of Floydada, Tex.Civ.App., 112 S. W.2d 243; El Paso Electric Co. v. Whitenack, Tex.Com.App., 1 S.W.2d 594; Commercial Casualty Ins. Co., Inc., v. Hamrick, Tex.Civ.App., 60 S.W.2d 247, affirmed, Tex.Com.App., 94 S.W.2d 421; Phipps v. American National Ins. Co., Tex. Civ.App., 116 S.W.2d 800.

We have fully considered each of the propositions presented in appellant's brief. They show no error in the record which requires a reversal of the case. We are of the opinion that none of them should be sustained and that the judgment of the trial court should be affirmed.

Affirmed.