KING v. McGUFF et ux.

No. 12163.

Court of Civil Appeals of Texas. Galveston.

March 16, 1950.

Rehearing Denied April 27, 1950.

Bracewell & Tunks and Bert H. Tunks, Houston, for appellant.

Chilton Bryan and Price, Guinn & Wheat, Houston, for appellees.

GRAVES, Justice.

Appellees sued appellant for damages, as having resulted from a fire that occurred at appellees' residence on the 26th day of July, 1947, which, they alleged, had been the result of the negligence of the agents, servants, and employees of the appellant in a number of particulars.

In a trial before a jury, to which special issues were submitted, the appellees were awarded judgment for these items of damages they so declared upon: (1) $6,250 as damage to their two-story dwelling house; (2) $4,750 as damage to all the contents of the house; (3) $345 as lost rental value for the period during which they were found to have been deprived of the use of their house; and (4) $2,800 in exemplary damages, a total of $14,145.

In this court, through some 20 points of error, appellant complains of the result so adverse to him below, in material substance charging error of the trial court in these respects:

(1) In holding there was sufficient competent evidence as to the market value of appellees' real property, after the fire, to support the jury's finding of damages thereto.

(2) In admitting testimony of Mr. Mc-Guff, expressing an opinion as to the market value of his house after the fire, as against appellant's objections that he had not qualified himself to express such an opinion; further, in admitting Mrs. Mc-Guff's testimony as to the cost of repairs of appellees' radio, as against the objection that no showing had been made, either as to the necessity for such repairs, or that the amount of them had been reasonable, and, finally, in admitting any testimony as to the damages to appellees' wearing-apparel located within the house, as against the objection that no such element of damages had been pled by them.

(3) In failing to submit an issue to the jury as to whether or not appellant's employees failed to extinguish the pilot light in the hot water heater in appellees' house, thereby assuming that such a fact existed.

(4) In submitting issues 15 and 16, inquiring as to the difference in value of appellees' household goods and furnishings in the house before and after the fire, without excluding the value, if any, of appellees' attic fan, floor furnace, hot water heater, and venetian blinds; further, in submitting issues on the lost market value of the house, as well as the rental value of it, during the time the appellees were found to have necessarily been deprived of its use—in that such two submissions authorized a double recovery for appellees against the appellant.

(5) In submitting issues on the lost rental value of appellees' house, when there was no probative testimony by which the jury could determine how long, if at all, appellees were necessarily deprived of the use of their house.

(6) In submitting issues on exemplary damages, "when there was no evidence that the Defendant (appellant) either participated in the acts or omissions of negligence which caused Plaintiffs' (appellees') damage, specifically authorized his agents to commit them, or ratified the action of his agents."

This court finds no fault with the sufficiency of the evidence to sustain the amounts of any of the items of damages found by the jury, nor with the holding of the court that they constituted recoverable elements of damages, under the pleadings and evidence in the cause.

Indeed, it seems clear that the four elements of damages enumerated supra, for which the court awarded the appellees judgment, were, each and all, separate and distinct as the recoverable losses to the appellees and that there was sufficient evidence before the jury to sustain the amounts of each of them as the jury found.

It is not deemed necessary, therefore, to review the evidence upon which they were so arrived at, nor to belabor the point as to the recoverability as to each item thereof.

Indeed, it would seem that the two questions raised by the appellant, first, as to whether or not the trial court erred in refusing to submit his requested special issue to the jury inquiring as to whether or not his employees failed to extinguish the pilot light in the hot water heater in the appellees' house and in assuming such fact to have existed instead, and, second, whether the court erred in submitting issues on, and rendering judgment on the findings for, exemplary damages, were erroneous.

Before discussing those two, however, this court's reasons for its conclusion that the judgment—in its other features—was sound, may be thus indicated: The market value of the house after the fire was plainly and competently testified to by the appellee Mr. McGuff, who, though not a technical expert in such matters, was shown by detailed evidence to have known whereof he spoke, what the market value of the burned premises was—in fact, he had built the property, repaired it, cared for it, knew all about it, and, without detailing the circumstances, plainly qualified himself to give his opinion as to such value. 19 Tex.Jur., page 138, paragraph 93; Texas Interurban Ry. Co. v. Halford, Tex. Civ.App., 299 S.W. 277; Davis v. Fain, Tex.Civ.App., 152 S.W.2d 218; Missouri Pac. Ry. Co. v. Fagan et al., 72 Tex. 127, 9 S.W. 749, 2 L.R.A. 75, 13 Am.St.Rep. 776; Gulf, C. & S. F. Ry. Co. v. Morris, Tex.Civ.App., 241 S.W. 235, affirmed Tex. Com.App., 250 S.W. 1017; Joffre v. Mynatt, Tex.Civ.App., 240 S.W. 319; Rankin v. Parker, Tex.Civ.App., 4 S.W.2d 227; Telephone-Telegraph v. Forke, 2 Willson Civ.Cas. Ct.App. § 365; and Foley Bros. Dry Goods Co. v. Settegast, Tex.Civ.App., 133 S.W.2d 228, error ref.

Neither did the court err in overruling appellant's objections to its definition of a reasonable cash market value, as contained in its special issues 13 and 14, to the effect that such definition failed to instruct the jury that a cash transaction was contemplated in such definition; this for the reason that the court's special issues 13 and 14 each contained a definition that was plainly sufficient to indicate that a cash transaction was contemplated. These authorities support the definition as given: State v. Carpenter, 126 Tex. 604, 89 S.W. 2d 194, 979; and, West Texas Hotel Co. v. City of El Paso, Tex.Civ.App., 83 S.W. 2d 772.

As presaged supra, there was no error in the admission of the testimony of the appellee Mrs. McGuff as to the amount of cost of repairs to the appellees' radio, since the record shows ample testimony to the effect that such repairs were necessary, and that the cost recovered therefor was reasonable.

Appellant's 4th point of error, on the court's "Failure to submit an issue as to whether appellant's employees failed to extinguish the pilot-light in the hot-water-

heater in Appellees' house", referred to supra, along with his 10th and 11th points, challenging the manner of submission of exemplary damages, is overruled, in the main upon considerations, the brief substance of which may be thus stated:

The appellant did not request the submission of any such issue, contenting himself on the trial, as well as in his motion for new trial there, with objecting to the court's charge in having omitted such an issue.

Moreover, the testimony of the appellees that such failure occurred was based on the personal observations and knowledge of the premises made by the appellee Mrs. McGuff, and was wholly undisputed.

The appellant himself, as a witness, declined to in any manner controvert the positive testimony so given by Mrs. McGuff, simply stating that he had been out of town at the time the fire occurred, and that he did not know the circumstances and conditions under which it occurred.

■ It is true Mrs. McGuff was an interested witness, but, under circumstances constituting the legal equivalent of those so shown here, our courts have held that such testimony should be taken as true, as a matter of law. Springfield Fire & Marine Ins. Co. v. William Cameron & Co., Tex.Civ.App., 96 S.W.2d 788; Rule 272, Texas Rules Civil Procedure; and Wiley v. Powell, Tex.Civ.App., 164 S.W.2d 242, reversed on other grounds, 141 Tex. 74, 170 S.W.2d 470.

■ Likewise, appellant's 10th and 11th points, protesting against the visitation upon him of exemplary damages, are overruled. The affirmance upon this feature is rested upon the finding and conclusion from the record,—irrespective of any determination of whether or not the appellant's objection to the charge in this respect was sufficient—that the pleadings and evidence justified, if indeed they did not re-

quire, the jury to find that the appellant and his agents were guilty of such acts of gross negligence in their occupation and handling of appellees' premises before and at the time of the fire as to properly subject him to the $2,800 recovery for exemplary damages, so allowed the appellees against him in the judgment rendered.

Indeed, in this instance, the recovery of exemplary damages was based alone upon the findings of both the jury and the trial court that such acts of gross negligence toward the appellees were committed by the appellant and his agents, servants, and employees—they having been found to have been cleaning the kitchen floor of appellees' house with gasoline, or its equivalent, without taking the trouble to extinguish the pilot light in the hot water heater in such kitchen, coupled, also, with their having left the windows of the kitchen closed, making it further susceptible to the explosion that occurred—thus conclusively establishing that no care whatever was exercised on their part for the welfare of the appellees, and their property.

Such gross negligence, under these authorities was imputable as a matter of law to the appellant. Chronister Lumber Co. v. Williams, 116 Tex. 207, 288 S.W. 402.

■ Moreover, the jury's finding of ratification by the appellant of such gross acts of negligence on the part of his agents, servants, and employees rendered him liable, irrespective of whether or not there was a finding of specific authorization thereof on his part. 13 Tex.Jur., paragraph 139, page 250; Gulf, C. & S. F. Ry. Co. v. Moore, 69 Tex. 157, 6 S.W. 631; and Bankers' Mortgage Co. v. Baxter et al., Tex.Civ.App., 66 S.W.2d 408.

Further discussion is deemed unnecessary. These conclusions require an affirmance of the judgment. It will be so ordered.

Affirmed.